OWEN, Judge.
The issue in this case is whether the defendant, who is now and has been continuously since 1966 actually residing in Orange County, Florida, is a resident of that county for venue purposes despite the fact that his “legal residence” or “domicile” is or may be in Lake County. We conclude that this question should be answered in the affirmative.
Appellant filed her petition for dissolution of marriage in the Circuit Court of Orange County. The appellee-husband filed a motion under Rule 1.060(b), RCP 30 F.S.A., asserting the privilege under F. S. Section 47.011, F.S.A. to have the suit transferred to Lake County as the county of his residence. At the hearing on the motion it was shown that the parties were married to each other in 1936 and established the family domicile in Lake County; that in 1966, the County Judge’s Court of Lake County entered an order adjudicating the husband imcompetent, and upon a finding that the husband was at that time a patient in a nursing care institution located in Orange County, Florida, ordered that he remain in such institution and continue with treatment until further order of the court; that the husband has remained in the nursing care institution continuously since that time and is now 81 years of age with no indication that he will leave the institution during his lifetime. The court *64 granted the motion to transfer, and it is this order which we review.
Assuming that the “domicile” of the defendant-husband is Lake County, (see F.S. Section 744.10, F.S.A.; In re Estate of Phillips, Fla.App. 1966, 190 So.2d IS) the venue statute, F.S. Section 47.011, F.S.A., is concerned with the county of a defendant’s “residence”. Our Supreme Court has recognized the clear distinction between the terms “domicile” and “residence”, the latter indicating the place of abode, whether permanent or temporary. Minick v. Minick, 1933, 111 Fla. 469, 149 So. 483. We expressly hold that the defendant-husband, appellee herein, having actually resided in Orange County continuously from 1966 to the time of the filing of this suit, was in fact a resident of Orange County within the contemplation of the venue statute and as such could not complain of being sued in that county.
The order transferring this cause to Lake County is reversed and this cause remanded in further proceedings.
Reversed and remanded.
WALDEN, J., concurs specially.
CROSS, J., dissents with opinion.