292 So.2d 73 (1974)
Larry Eugene HUNTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-922.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Phillip A. Hubbart, Public Defender, and Steven Rappaport, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Linda, Hertz, Asst. Atty. Gen., for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The defendant below appeals his conviction of the offenses of breaking and entering *74 a dwelling with intent to commit grand larceny, and grand larceny. We find no reversible error has been shown, and affirm.
The trial court correctly held the variance caused by reference in the information to the street address as being a Terrace, instead of a Street, was not material. The defendant was not prejudiced thereby. The information listed the residents of the dwelling whose property was allegedly taken, and the record reveals the attorney for the defendant had knowledge of the inaccuracy before trial. Moreover, the defendant presented no type or form of defense with reference to which a discrepancy in the address of the alleged location of the larceny would be material. For example, the defendant did not rely upon an alibi, and based his defense on a claim of insanity. Venue in the case was proved. See Cannon v. State, 91 Fla. 214, 107 So. 360, 363; Howlett v. State, Fla.App. 1972, 260 So.2d 878, 880.
The appellant contends the evidence presented on his behalf relating to insanity was sufficient to raise a reasonable doubt, so as to shift the burden to the state to overcome such doubt (Cook v. State, Fla.App. 1973, 271 So.2d 232, 233), and argues that the state failed in that respect.
In Young v. State, Fla. 1962, 140 So.2d 97, 100, the Supreme Court said:
"* * * When a defendant in a criminal case in this state relies on the defense of insanity, the issue is limited to whether or not the defendant has the ability to distinguish right from wrong and to know that the act he is charged with committing was wrong. The test does not depend on the intelligence, education or general mental capacity of the accused."
Insanity involved in such a case, is as defined under the M'Naghten Rule. Davis v. State, 44 Fla. 32, 32 So. 822; Anderson v. State, Fla. 1973, 276 So.2d 17. The state contends, and we agree, that on this record the evidence in that posture was not sufficient to shift the burden to the state. The issue was properly triable on the evidence presented.
The judgment is affirmed.