359 So.2d 563 (1978)
Jessie James COVINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1103.
District Court of Appeal of Florida, Fourth District.
June 7, 1978.
Richard L. Jorandby, Public Defender, Joseph R. Atterbury, Legal Intern, and Frank B. Kessler, Chief, Appellate Division, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
This is an appeal from a judgment and sentence for the crime of burglary wherein the defendant was alleged to have committed a burglary at the Middle Six School located at Gifford in Indian River County, Florida. The information alleged that the school was the property of Indian River County. At trial, the vice-principal of the school testified that the school was "run" by the Board of Public Instruction of Indian River County.
In burglary prosecutions, it has been repeatedly held that the allegation of ownership of a building alleged to have been burglarized must be proved as alleged. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Salerno v. State, 347 So.2d 659, 662 (Fla. 4th DCA 1977). Proof of ownership is an essential element of the offense of burglary.
In the instant case, the proof of ownership of the property was insufficient to sustain the conviction. While the Board of Public Institution "ran" the school, this does not indicate that Indian River County "owned" the school. Thus, the probata does not sustain the allegata and the state failed to produce any evidence of the actual ownership of the school property.
Appellant's conviction for burglary must be, and is, REVERSED and REMANDED for a new trial. Salerno, supra; Mitchell v. State, 317 So.2d 465 (Fla. 4th DCA 1975). See also, State v. Ward, 354 So.2d 125 (Fla. 3d DCA 1978).
DOWNEY, C.J., and LETTS, J., concur.