HUBBART, Judge.
A juvenile A.L. appeals an adjudication of delinquency for the offenses of burglary and petit larceny entered against him in the Circuit Court for the Eleventh Judicial Circuit of Florida. The juvenile contends that the trial court erred in denying his motion to dismiss the delinquency petition made at the close of the state’s case and renewed at the close of all the evidence at trial because the state failed to establish the essential element of “ownership” as to the alleged burglarized structure and the alleged stolen property on the charges of burglary and larceny. We agree and reverse with directions to discharge the juvenile.
The state filed a delinquency petition before the circuit court herein charging the juvenile in count I with the burglary of a certain athletics room, “the property of Dade County Parks and Recreation Department, as owner, tenant or lessee,” and in count II with the larceny of certain athletic clothing which was “in possession and lawful custody of Dade County Parks and Recreation Department.” The juvenile denied the charges and was tried before the court.
The evidence adduced at trial viewed in a light most favorable to the state establishes that on the date alleged in the petition herein the juvenile was observed in the athletic equipment room at a particular park in Dade County, Florida. The room was almost always kept locked and the juvenile had no authority to be there. When observed by a park employee, the juvenile ran from the room carrying with him certain athletic clothing and equipment. Later, the juvenile was apprehended, the property taken was recovered, and a confession was obtained from the juvenile as to the incident.
No evidence was presented to establish, as alleged in the delinquency petition, that the Dade County Parks and Recreation Department had lawful possession, custody or control of either the athletic room or the athletic clothing which was taken therefrom. In fact, no evidence was presented at all to identify the person or entity who had lawful possession, custody or control of the athletic room or the athletic clothing taken therefrom. Such a total failure of proof to establish the essential element of “ownership” (i. e. any possession which is lawful as against the accused) of the alleged burglarized structure and the alleged *584 stolen property on the charges of burglary and larceny, as laid in the delinquency petition, is fatal to the state’s case. The trial court committed reversible error in denying the juvenile’s timely motion to dismiss the charges at trial. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); State v. Ward, 354 So.2d 125 (Fla.3d DCA 1978); Mitchell v. State, 317 So.2d 465 (Fla.4th DCA 1975); Sifford v. State, 202 So.2d 14 (Fla.3d DCA 1967); Haines v. State, 113 So.2d 601 (Fla.2d DCA 1959). See also Anderson v. State, 356 So.2d 382, 384-85 (Fla.3d DCA 1978).
The adjudication of delinquency is reversed and the cause remanded to the trial court with directions to discharge the juvenile from the cause.