400 So.2d 1059 (1981)
R.A., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-516.
District Court of Appeal of Florida, Third District.
July 21, 1981.
Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
A petition seeking an adjudication of delinquency was filed against appellant, charging him with intent to commit theft in violation of Section 810.02, Florida Statutes (1979). Appellant was found guilty as charged, adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. We affirm.
The delinquency petition charged appellant with unlawfully entering a structure located in the vicinity of 15355 Northwest 19th Avenue, Dade County, Florida, property of the School Board of Dade County, with intent to commit theft. At trial, the head custodian of Rainbow Park Elementary, where appellant was apprehended, testified that the school was part of the Dade County School System.
*1060 Appellants's first point on appeal is that the state failed to prove ownership of the building, citing Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978). In Covington, the Fourth District held that testimony that a burglarized school was run by the Board of Public Instruction was insufficient to sustain a conviction where the information alleged that the school was owned by Indian River County. In the instant case, we find no variance between the petition, which alleged that the school was the property of the School Board as owner and custodian, and the testimony at trial that the school was part of the Dade County School System. We conclude that the testimony that Rainbow Park was part of the school system was sufficient to allow the trier of fact to determine that the School Board's interest in the structure was superior to that of the appellant. See in re M.E., 370 So.2d 795 (Fla. 1979); Addison v. State, 95 Fla. 737, 116 So. 629 (1928).
Appellant's second point, alleging that the state failed to show that the school was the property described in the petition, is also without merit. The delinquency petition specified a structure located in the vicinity of 15355 Northwest 19th Avenue and owned by the School Board of Dade County. At trial, the police officer who arrested appellant testified that he was dispatched to Rainbow Elementary School at 153rd Street and 19th Avenue. Appellant argues that the two descriptions do not necessarily correspond since 153rd Street and 19th Avenue could be in the southwest quadrant of Dade County. We conclude that the evidence taken as a whole sufficiently establishes the location of the burglarized building as alleged in the petition without material variance. Without dispute, the de minimus discrepancy in the proofs at trial wherein "N.W." was omitted from the address of the burglarized building in no way prejudiced the appellant in the preparation of his defense. Hunter v. State, 292 So.2d 73 (Fla. 3d DCA 1974).
Finally, appellant argues that there was insufficient proof that he intended to commit theft within the structure. We disagree. Since intent may be shown by circumstantial evidence, Rebjebian v. State, 44 So.2d 81 (Fla. 1949); Edwards v. State, 213 So.2d 274 (Fla. 3d DCA), cert. denied, 221 So.2d 746 (Fla. 1968); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966), the fact that appellant was found inside the principal's office of the school going through a desk was more than sufficient to sustain the conclusion that appellant intended to commit theft within the structure.
Accordingly, the adjudication of delinquency is affirmed.
DANIEL S. PEARSON, Judge, concurring specially.
I, too, would affirm the adjudication of delinquency. I specially concur in order to address, and reject, the State's argument that its failure to prove that Rainbow Park Elementary was located at the exact address described in the petition (a failure which, I agree, was totally immaterial) was remedied because the trial court could have taken judicial notice of that fact or can be remedied by our taking judicial notice of that fact.
Even if, arguendo, this unproved fact was "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned," see § 90.202(12), Fla. Stat. (1979), and was, therefore, susceptible of being judicially noticed, a matter cannot be judicially noticed unless and until the procedures of Sections 90.203 or 90.204, Florida Statutes (1979), are observed.[1] In the present case, the juvenile was not, as required by these sections of the evidence *1061 code, given an opportunity to dispute the judicially noticed matter. Indeed, judicial notice as a possible cure for the missing proof was urged for the first time on appeal. See Garner v. Louisiana, 368 U.S. 157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961).[2] This afterthought hardly gives the party opposing the taking of judicial notice  here, the juvenile  an opportunity to dispute this matter of evidence. Garner v. Louisiana, supra. See Ohio Bell Telephone Company v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 S.Ct. 725, 81 L.Ed. 1093 (1937); United States v. Grady, 225 F.2d 410 (7th Cir.1955). See also Panama Canal Company v. Wagner, 234 F.2d 163 (5th Cir.1956) (Rives, J., concurring).
Therefore, I reject the State's suggestion that where a fact is capable of being judicially noticed by the trial court, that an appellate court may assume it has been noticed; and, for the same reason, reject the State's alternate suggestion that even if we will not make that assumption, that we, as an appellate court, take judicial notice of this unproved fact. See United States v. Jones, 580 F.2d 219 (6th Cir.1978); United States v. Sorenson, 504 F.2d 406 (7th Cir.1974).
NOTES
[1] § 90.203, Fla. Stat. (1979), provides:

"Compulsory judicial notice upon request.  A court shall take judicial notice of any matter in s. 90.202 when a party requests it and:
"(1) Gives each adverse party timely written notice of the request, proof of which is filed with the court, to enable the adverse party to prepare to meet the request.
"(2) Furnishes the court with sufficient information to enable it to take judicial notice of the matter."
§ 90.204, Fla. Stat. (1979), provides:
"Determination of propriety of judicial notice and nature of matter noticed. 
"(1) When a court determines upon its own motion that judicial notice of a matter should be taken or when a party requests such notice and shows good cause for not complying with s. 90.203(1), the court shall afford each party reasonable opportunity to present information relevant to the propriety of taking judicial notice and to the nature of the matter noticed.
"(2) In determining the propriety of taking judicial notice of a matter or the nature thereof, a court may use any source of pertinent and reliable information, whether or not furnished by a party, without regard to any exclusionary rule except a valid claim of privilege and except for the exclusions provided in s. 90.403.
"(3) If a court resorts to any documentary source of information not received in open court, the court shall make the information and its source a part of the record in the action and shall afford each party reasonable opportunity to challenge such information, before judicial notice of the matter is taken."
To the extent that Freimuth v. State, 272 So.2d 473 (Fla. 1973), suggests that it is discretionary, not mandatory, that a trial court give the parties an opportunity to be heard on the propriety of taking judicial notice and the nature of the matter noticed, we note that Freimuth antedates the passage of the Florida Evidence Code, Section 90.101, et seq., Florida Statutes (1979).
[2] As the Court noted in Garner:

"There is nothing in the records to indicate that the trial judge did in fact take notice of anything. To extend the doctrine of judicial notice to the length pressed by the [State] would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial." 368 U.S. at 173, 82 S.Ct. at 256.