HENDRY, Judge.
A petition seeking an adjudication of delinquency was filed against appellant, charging him with intent to commit theft in violation of Section 810.02, Florida Statutes (1979). Appellant was found guilty as charged, adjudicated delinquent and committed to the Department of Health and Rehabilitative Services. We affirm.
The delinquency petition charged appellant with unlawfully entering a structure located in the vicinity of 15355 Northwest 19th Avenue, Dade County, Florida, property of the School Board of Dade County, with intent to commit theft. At trial, the head custodian of Rainbow Park Elementary, where appellant was apprehended, testified that the school was part of the Dade County School System.
*1060 Appellants’s first point on appeal is that the state failed to prove ownership of the building, citing Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978). In Covington, the Fourth District held that testimony that a burglarized school was run by the Board of Public Instruction was insufficient to sustain a conviction where the information alleged that the school was owned by Indian River County. In the instant case, we find no variance between the petition, which alleged that the school was the property of the School Board as owner and custodian, and the testimony at trial that the school was part of the Dade County School System. We conclude that the testimony that Rainbow Park was part of the school system was sufficient to allow the trier of fact to determine that the School Board’s interest in the structure was superi- or to that of the appellant. See in re M. E., 370 So.2d 795 (Fla.1979); Addison v. State, 95 Fla. 737, 116 So. 629 (1928).
Appellant’s second point, alleging that the state failed to show that the school was the property described in the petition, is also without merit. The delinquency petition specified a structure located in the vicinity of 15355 Northwest 19th Avenue and owned by the School Board of Dade County. At trial, the police officer who arrested appellant testified that he was dispatched to Rainbow Elementary School at 153rd Street and 19th Avenue. Appellant argues that the two descriptions do not necessarily correspond since 153rd Street and 19th Avenue could be in the southwest quadrant of Dade County. We conclude that the evidence taken as a whole sufficiently establishes the location of the burglarized building as alleged in the petition without material variance. Without dispute, the de minimus discrepancy in the proofs at trial wherein “N.W.” was omitted from the address of the burglarized building in no way prejudiced the appellant in the preparation of his defense. Hunter v. State, 292 So.2d 73 (Fla. 3d DCA 1974).
Finally, appellant argues that there was insufficient proof that he intended to commit theft within the structure. We disagree. Since intent may be shown by circumstantial evidence, Rebjebian v. State, 44 So.2d 81 (Fla.1949); Edwards v. State, 213 So.2d 274 (Fla. 3d DCA), cert. denied, 221 So.2d 746 (Fla.1968); Jones v. State, 192 So.2d 285 (Fla. 3d DCA 1966), the fact that appellant was found inside the principal’s office of the school going through a desk was more than sufficient to sustain the conclusion that appellant intended to commit theft within the structure.
Accordingly, the adjudication of delinquency is affirmed.