NESBITT, Judge.
Inversiones Varias, S.A. (INVASA) sued Sanders in the Eleventh Judicial Circuit for damages pursuant to a lease agreement concerning commercial properties in Managua, Nicaragua. Sanders, the lessee, raised the affirmative defense of impossibility of performance due to revolutionary hostilities in Managua. The trial court found this defense insufficient as a matter of law and granted summary judgment of liability in favor of INVASA. This appeal was taken after final judgment in the cause.
Both parties are in agreement that the lease in suit is governed by Nicaraguan law. There is no indication in the record, however, that the trial court applied Nicaraguan law. Counsel for INVASA maintains that this is irrelevant because predecessor counsel for Sanders stipulated in open court that Florida law and Nicaraguan law are identical as concerns the defense of impossibility of performance. Although we have no reason to doubt this representation, we simply are not permitted to rely upon it. Stipulations concerning the practice or procedure in a cause may be made orally before the court, but are of no force unless made a part of the record or incorporated in the stenographic notes of the proceedings. Fla.R.Jud.Admin. 2.060(g). This was not done here.
Of course, the trial court could have taken judicial notice of Nicaraguan law pursuant to Section 90.202(4), Florida Statutes (1981), but only by following the procedure set out in either Section 90.203 or Section 90.204, Florida Statutes (1981). R.A. v. State, 400 So.2d 1059, 1060-61 (Fla. 3d DCA) (Pearson, Daniel, J., concurring specially), pet. for review denied, 407 So.2d 1105 (Fla.1981). Again, the record does not indicate that either procedure was followed. Thus, INVASA, proceeding as it was under Nicaraguan law,[1] has failed to demonstrate that it was entitled to a judgment of liability as a matter of law.
This disposition renders discussion of the other points on appeal unnecessary.
Reversed and remanded.

. In its “WHEREFORE” clause, plaintiffs complaint demanded judgment against Sanders “for damages, plus interest, cost of suit, reasonable attorneys’ fees, other charges and damages allowable under Nicaraguan law-” (emphasis supplied)