PER CURIAM.
Following this court’s opinion reported as Sanders v. Inversiones Varias, S.A. (Invasa), 436 So.2d 1089 (Fla. 3d DCA 1983) the matter recurred in the trial court and on remand Sanders conducted more discovery, requested fees and costs, demanded jury trial and moved for non-resident bond pursuant to § 57.011 Florida Statute (1979). Almost 4 years after the case had begun, he moved for the first time for change of venue to Managua, Nicaragua, alleging that the parties agreed that venue for any action on the contract would be Managua. The contract clause states, “(Domicile) For all matters in connection with this contract, the lessee and lessor state their domiciles to be in the jurisdiction of the judges of the Managua Department.” After hearing on the motion, the trial court entered the order appealed denying the motion for change of venue. We affirm.
First, it is doubtful whether the covenant established venue per contract or is merely a provision providing which law will govern the interpretation of the underlying agreement. It appears to be, in fact, the latter. Cf., Department of Motor Vehicles, etc v. Mercedes-Benz of North America, Inc., 408 So.2d 627 (Fla. 2d DCA 1981); Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975); Hunt v. Hunt, 280 So.2d 63 (Fla. 4th DCA 1973).
Further it is clear that from the actions of the defendant in failing to raise the issue in some four years of litigation and in seeking affirmative relief in this jurisdiction, such as a non-resident cost bond, the defendant has waived the right to insist on contractual venue, even if it was valid in the first instance. Inverness Coca-coca Bottling Company v. McDaniel, 78 So.2d 100 (Fla.1955); Straske v. McGillicuddy, 388 So.2d 1334 (Fla. 2d DCA 1980); Aquaco, Inc. v. Hopkin, 323 So.2d 678 (Fla. 3d DCA 1975); Fla.R.Civ.P. 1.140(b).
Therefore for the reasons above stated, the order under review be and the same is hereby affirmed.
Affirmed.