452 So.2d 122 (1984)
Charles Anthony BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. AU-207.
District Court of Appeal of Florida, First District.
June 8, 1984.
*123 Patrick H. Perry, Gainesville, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Brown appeals his convictions for grand theft and possession of more than twenty grams of cannabis. Because the trial court erred in admitting into evidence results of a polygraph examination and testimony concerning those results, we reverse.
The State alleged that Brown, while training to be a jailer at the Dixie County Jail, took a barrel of marijuana from the evidence room of the jail without permission and for his own purposes. As a result, Brown was indicted for burglary, grand theft and possession of more than twenty grams of cannabis. He pleaded not guilty to all charges, and the case went to trial before a jury. The jury found Brown not guilty of burglary, but guilty of theft and possession as charged. The trial judge put Brown on probation for five years with the special conditions that he pay a fine and serve 364 days in jail.
During the investigation, but before Brown was arrested and charged, investigators sought to have Brown take a polygraph examination. He agreed and signed two documents provided by investigators before submitting to the examination.[1] *124 One of these documents was a stipulation between Brown and the state attorney providing that the results of the examination and the examiner's opinion concerning those results were admissible "in the above-styled case." The stipulation document, however, was styled "STATE OF FLORIDA -vs- INVESTIGATION." The other document was a waiver form whereby Brown agreed to take the examination and agreed that anything he said or did during the examination or interview could be used as evidence against him in a court of law.
Before trial, Brown moved to suppress all evidence concerning the polygraph examination on the grounds that he had entered into the stipulation without informed consent and that the stipulation was invalid because it stipulated to admissibility in a nonexistent case. The motion was denied.
When the State had the examiner testify at trial concerning the examination results and when the State sought to introduce the actual polygraph charts into evidence, Brown objected for the same reasons set out in his suppression motion. The objections were overruled. The charts were admitted into evidence and the examiner testified that in his opinion, based on his analysis of the charts, Brown was lying when he denied taking the marijuana from the evidence room at the jail.
In the absence of a proper stipulation and upon objection, polygraph test results and testimony concerning those results are inadmissible. Codie v. State, 313 So.2d 754 (Fla. 1975); Cumbie v. State, 327 So.2d 67 (Fla. 1st DCA 1976), reversed on other grounds, 345 So.2d 1061 (Fla. 1977). In the case before us, there was a stipulation, but it was not a stipulation that polygraph evidence would be admissible in this case and in a court of law. At best, the stipulation document was proof of a somewhat nonsensical agreement that polygraph evidence was admissible in the State's investigation into the theft of the marijuana. A stipulation concerning the admissibility of polygraph evidence is limited to its terms. Young v. State, 387 So.2d 512 (Fla. 1st DCA 1980). Consequently, the stipulation document in the case before us did not make the polygraph evidence admissible.
Unlike the stipulation document, the waiver form clearly provided that anything Brown did or said during the polygraph examination or interview could be used as evidence against him in a court of law. But the waiver form made no provision for admitting into evidence the polygraph test results or testimony concerning those results. The waiver form was therefore insufficient to show the parties stipulated that polygraph evidence would be admissible at trial.
Because neither the stipulation document nor the waiver form showed an agreement between the parties that the results of Brown's polygraph test and testimony concerning those results would be admissible at trial, the trial court erred in admitting such results into evidence and allowing such testimony.
The issues Brown raises unrelated to the polygraph evidence are without merit. We cannot say, however, that the erroneous admission of polygraph evidence was harmless error.
The convictions are reversed and the case remanded for a new trial in accordance with this opinion.
SMITH, J., concurs.
NIMMONS, J., specially concurs.
NIMMONS, Judge, specially concurring.
I concur in all respects with Judge Mills' opinion. Even if the stipulation had been *125 clear that the then unrepresented suspect was agreeing to the results of the polygraph examination being admissible in a possible future prosecution, it is certainly questionable that such a pre-prosecution agreement to the admissibility of otherwise legally incompetent evidence can be enforced in the face of objection duly raised. Such a result would tend to encourage a practice of law enforcement officials' attempting to exact pre-prosecution agreements from unrepresented persons regarding the admissibility of all manner of evidence or testimony which would otherwise be incompetent and inadmissible.
NOTES
[1] These documents are reprinted below:
 STATE OF FLORIDA
 -vs-
 INVESTIGATION
 Defendant.
 STIPULATION

It is hereby agreed and stipulated that BRANSON R. FISHER, JR., State Attorney's Office, Live Oak, Florida is an expert polygraph (lie detector) examiner. It is also stipulated that any questions propounded by said examiner, relating to the above styled case and the answers thereto given by the Defendant, and the recordings of the said Defendant's reactions thereto and everything appertaining to said examination and entire results of said examination including the opinion of said examiner as to the truth or falsity of said answers, be received in evidence in the above-styled case either on behalf of the State or on behalf of the Defendant and that said Defendant hereby waives his constitutional privileges against self-incrimination to the extent that the same may be involved in the presentation in evidence of the foregoing matters. It is expressly stipulated that the foregoing shall not constitute a waiver of the Defendant's privileges against self-incrimination except as set forth above.
CONSENT FOR POLYGRAPH EXAMINATION AND WAIVER OF RIGHTS
I, Charles A. Brown, do hereby freely and voluntarily submit to a polygraph examination to be administered by Branson R. Fisher, Jr., who has identified himself to me as a Polygraph Examiner, Investigator for the State Attorney's Office, Third Judicial Circuit, Live Oak, Florida.
I have been fully and fairly advised that:
1. This examination or interview concerns marijuana stolen from the Dixie County Jail.
2. I have the right to remain silent and cannot be forced or coerced in any way or manner to submit to this test or to be required to answer any questions.
3. That anything I do or say can be used in evidence against me in a court of law.
4. That I have a right to an attorney, either retained by me or appointed by the court if I cannot afford to hire an attorney, and that I have a right to talk to such attorney before saying anything or taking this examination, and, further, that I have a right to have that attorney present with me during this examination or any interview.
5. If I decide to answer questions now and waive my rights to first talk with an attorney or have an attorney present with me during questioning, I will have the right to stop answering at any time until I talk to a lawyer.
Being fully aware of and understanding what my rights are, I knowingly and voluntarily waive my foregoing rights and hereby consent and agree to this examination and interview. Absolutely no threats, promises or inducements of any kind have been made or offered to me.