487 So.2d 408 (1986)
Clarence Wayne FEAGANS, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-15.
District Court of Appeal of Florida, Third District.
April 29, 1986.
Bennett H. Brummer, Public Defender, and Lawrence M. Malman, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Debora J. Turner, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and NESBITT, JJ.
PER CURIAM.
Appellant was adjudged guilty and sentenced to 17 years imprisonment for the lesser included offense of second degree murder, after a jury trial on a charge of first degree murder.
It is appellant's first contention on appeal that the trial court abused its discretion *409 by denying appellant's motion to continue the trial. We find this contention to be without merit. The granting or denial of a motion for continuance is within the trial court's judicial discretion and will not be disturbed by an appellate court absent a palpable abuse of discretion. Lusk v. State, 446 So.2d 1038, 1040-41 (Fla.), and cases cited therein, cert. denied, ___ U.S. ___, 105 S.Ct. 229, 83 L.Ed.2d 158 (1984).
Appellant's next contention is that the trial court erred in denying his motion for judgment of acquittal. We find the motion was properly denied since, under Florida law, a motion for judgment of acquittal should not be granted unless there is no legally sufficient evidence upon which the jury could find the defendant guilty. T.J.T. v. State, 460 So.2d 508 (Fla. 3d DCA 1984); Greger v. State, 458 So.2d 858 (Fla. 3d DCA 1984); Fletcher v. State, 428 So.2d 667 (Fla. 1st DCA 1982), review denied, 430 So.2d 452 (Fla. 1983); Knight v. State, 392 So.2d 337 (Fla. 3d DCA), review denied, 399 So.2d 1143 (Fla. 1981).
As to appellant's last point, we hold that the trial court did not abuse its broad discretion in denying appellant's motion for a new trial on the basis of the recantation of testimony by a prosecution witness. Since the court determined the recantation testimony was not credible, it was the court's duty to deny the motion for a new trial. Henderson v. State, 135 Fla. 548, 185 So. 625 (1938); see Mollica v. State, 374 So.2d 1022, 1025 (Fla. 2d DCA 1979); Borgess v. State, 455 So.2d 488 (Fla. 1st DCA 1984).
No reversible error having been demonstrated, the judgment and sentence appealed are affirmed.
Affirmed.