504 So.2d 1270 (1986)
Willie Lee ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. BI-335.
District Court of Appeal of Florida, First District.
December 2, 1986.
*1271 Baya Harrison, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Maria Ines Suber, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Anderson appeals from a conviction for burglary and grand theft, alleging that the trial court erred in denying his motion for judgment of acquittal as to both crimes. We affirm.
The purpose of a motion for judgment of acquittal is to challenge the legal sufficiency of the evidence, and where the State has brought forth competent evidence to support every element of the crime, a judgment of acquittal is not proper. Newton v. State, 490 So.2d 179, 180 (Fla. 1st DCA 1986).
Anderson was charged first of all with burglary in contravention of Section 810.02(1), Florida Statutes (1983), which defines the offense as entering or remaining in a structure with the intent to commit an offense therein, here, grand theft. It has also been held that to support a conviction of burglary, the allegation of the ownership of the building must be proven as laid, in order to prove that the premises were not the property of the accused. In the Interest of M.E., 370 So.2d 795, 796 (Fla. 1979).
When a defendant moves for judgment of acquittal, he admits all facts in evidence adduced and every conclusion favorable to the State reasonably inferable therefrom. Busch v. State, 466 So.2d 1075, 1079 (Fla. 3d DCA 1984). Here, the State adduced that an unknown person of slender build was seen fleeing from the scene of the arrest of one Thompson, who was found in the possession of recently stolen items. Anderson, a person of slender build, was known to be Thompson's close friend; a check of his residence immediately after Thompson's arrest revealed that he was not at home nor had he been that evening.
Further, a dusting of the scene of the crime revealed a fingerprint positively identified as Anderson's. An investigating officer testified without objection that Thompson told police that Anderson had committed the crimes with him, going into the building while Thompson remained outside. Finally, the results of a polygraph examination were admitted, during which Anderson denied involvement with the stolen items; it was the opinion of the examiner that his answers were untruthful.
*1272 Anderson alleges first that the admission of the polygraph evidence was error in that, despite a stipulation that the questions, answers and reactions, and the examiner's opinions would be admissible, Anderson's trial counsel intended the admissibility to go only to credibility. While absent consent by both the State and defense, polygraph evidence is inadmissible in an adversary proceeding in Florida, Davis v. State, 461 So.2d 67 (Fla. 1984), that consent was obtained herein by stipulation, which is limited to its terms, Brown v. State, 452 So.2d 122, 124 (Fla. 1st DCA 1984). There was no reservation in that stipulation that admissibility was limited to issues of credibility as asserted by Anderson. The argument on this point is therefore without merit.
Despite the adduction of the facts outlined above, Anderson contends that his motion should have been granted as to the burglary charge in that the State failed to prove the allegation of ownership made in the charging information, relying on Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978). In Covington, the information alleged that the building was owned by the county, but the proof at trial showed only that it was "run" by the school board. The court found that the proof did not sustain the allegations and reversed and remanded for a new trial.
However, when a similar situation was addressed in R.A. v. State, 400 So.2d 1059 (Fla. 3d DCA 1981) (the information alleged that the building was owned by the school board, but the proof at trial showed only that it was part of the county school system), the court noted Covington, but found that the testimony "was sufficient to allow the trier of fact to determine that the School Board's interest in the structure was superior to that of the appellant." R.A. at 1060.
This holding is consistent with the Supreme Court pronouncement that the purposes of the requirement of an allegation of ownership in a burglary charge are to prove the premises were not the property of the accused and to identify the offense sufficiently to protect the accused from a second prosecution for the same offense. In the Interest of M.E., supra at 796. Here, the information alleged that the building was the property of the school board; the evidence at trial showed that it was owned by the county. We find that this was sufficient to prove that there was an ownership, possessory, or controlling interest in the structure superior to that of Anderson. The denial of the motion for judgment of acquittal as to the charge of burglary is affirmed.
Anderson was also charged with grand theft, in violation of Section 812.014(1) and (2), Florida Statutes (1983). A person is guilty of this crime if he knowingly obtains or uses, or endeavors to obtain or to use, the property of another, with a value of more than $100 but less than $20,000, with intent to, either temporarily or permanently, deprive the other person of a right to the property or a benefit therefrom or appropriate the property to his own use or to the use of any person not entitled thereto.
Here, the evidence tended to show that Anderson "endeavored to obtain" a radio on which his fingerprint was found. However, the value of the radio was not adduced, nor were usable prints found on the other items stolen. However, there was evidence in the form of Thompson's statement that Anderson entered the structure, obtained the stolen items and handed them out of the building to Thompson. The items were shown to be the property of others and their total value to be more than $100. Since a motion for judgment of acquittal should not be granted unless there is no legally sufficient evidence upon which the jury could find the defendant guilty, Feagans v. State, 487 So.2d 408, 409 (Fla. 3d DCA 1986), the denial of the motion as to the grand theft charge herein is affirmed.
Affirmed.
BOOTH, C.J., and WENTWORTH, J., concur.