PER CURIAM.
Appellant, Felton Dixon, challenges his convictions and sentencing for the sale of cocaine, possession with intent to sell cocaine and possession of less than 20 grams of cannabis. Specifically, he contends that the trial court abused its discretion by: (1) denying his motion for mistrial and admitting certain testimony from an officer as to an ongoing investigation; (2) denying his motion for judgment of acquittal; and (3) departing from the guidelines based upon (a) witness tampering or (b) simultaneous use of two different scoresheets.
We affirm the trial court’s sound discretion in denying appellant’s motions for mistrial and for judgment of acquittal. We find the court’s curative instruction sufficiently restricted the jury’s consideration of the officer’s testimony to incidents arising on the date of the offense, November 20, 1987. See Buenoano v. State, 527 So.2d 194 (Fla.1988). WeUurther find that, taking the evidence in a light most favorable to the state, see Naumowicz v. State, 562 So.2d 710 (Fla. 1st DCA 1990), the state met its burden in presenting competent evidence supporting each element of each offense charged. See Anderson v. State, 504 So.2d 1270 (Fla. 1st DCA 1986). However, the record indicates that the trial court erred by calculating the first scoresheet and departure on the basis of an unconvict-ed offense, witness tampering, which is an offense included in its calculation of the second scoresheet. See rule 3.701(d)(ll), Fla.R.Crim.P. This improper methodology using two scoresheets punishes appellant twice for the same pending offense. Therefore, we must reverse and remand for the trial court to resentence appellant utilizing a single scoresheet encompassing all pending offenses at sentencing.
AFFIRMED in part, REVERSED in part and REMANDED for resentencing.
SMITH, ZEHMER and MINER, JJ., concur.