571 So.2d 112 (1990)
IN the INTEREST OF M.M., a Child.
No. 89-2429.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
Richard L. Jorandby, Public Defender, B. Sue Foreman and Jill Hanekamp, Asst. Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn G. Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant was charged with and convicted of attempted residential burglary. At the end of the state's case and again at the close of the evidence, appellant moved for judgment of acquittal. The trial court denied the motion. A motion for judgment of acquittal challenges the legal sufficiency of the evidence. The standard for this court's review is whether there is substantial competent evidence to support the verdict. Williams v. State, 386 So.2d 538 (Fla. 1980). A conviction for the crime of burglary requires proof of three essential elements: (1) knowing entry into a structure; (2) knowledge that such entry is without permission; and (3) criminal intent to commit an offense within such structure. § 810.02, Fla. Stat. (1989). Additionally, ownership of the building or structure is a material element of the crime and must be *113 proven as alleged in order to support a conviction for burglary. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Sifford v. State, 202 So.2d 14 (Fla. 1967); In the Interest of M.E., 370 So.2d 795 (Fla. 1979); Kirkland v. State, 366 So.2d 871 (Fla. 4th DCA 1979) (failure to plead and prove ownership is fatal to the state's case on burglary).
The two reasons for requiring proof of ownership or custody are first, to show that the building was not the property of the accused, and second, to identify the offense sufficiently to protect the accused from a second prosecution for the same offense. In the Interest of M.E., 370 at 796-797.
Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee. [Actual ownership is not required, rather] ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control.
Id. at 797.
Thus, the state can meet its burden of proving ownership by simply establishing a possessory right of the alleged victim superior to that of the accused. O'Bryan v. State, 359 So.2d 545 (Fla. 4th DCA 1978). Appellant argues that the state failed to prove the essential element of ownership in this case.
The state alleged that the owner of the townhouse was Chris Harris, but it did not call Harris as a witness or anyone else claiming rightful possession. The state presented only the testimony of codefendant Anthony Butts who stated that they did not know to whom the house belonged and that they did not have permission to enter.
That testimony, appellant argues, is insufficient to prove ownership as it was alleged in the petition for adjudication. Appellee, on the other hand, argues that the testimony was sufficient to establish ownership. Thus, this court must determine whether the allegation that the townhouse was owned by a Chris Harris was proven by a codefendant's testimony that appellant did not know the owner's identity and did not have consent to enter the house.
Clearly, the codefendant's testimony does not establish that Chris Harris had an interest in the property superior to the appellant's. While it may tend to prove that the townhouse was not appellant's property, it does not identify the offense sufficiently to protect the accused from a second prosecution for the same offense.
Thus, the twofold purpose for requiring allegation and proof of ownership is not satisfied by the evidence adduced in this case. It therefore cannot be said that the state proved its allegation of ownership as laid. Failure to do so is fatal to the state's case. Kirkland v. State, 366 So.2d 871; O'Bryan v. State, 359 So.2d 545.
We therefore reverse the conviction and remand with instructions to discharge appellant.
REVERSED AND REMANDED WITH INSTRUCTIONS.
HERSEY, C.J., and LETTS and DELL, JJ., concur.