784 So.2d 1227 (2001)
L.D.S., Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3755.
District Court of Appeal of Florida, Second District.
April 25, 2001.
James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
L.D.S. appeals the order of the juvenile division of the circuit court which found him to be guilty of burglary of a conveyance and petit theft. We hold that the trial court should have granted L.D.S.'s motion for a judgment of acquittal because the evidence was insufficient to support the adjudication of delinquency.
A detention petition charged that L.D.S. unlawfully entered or remained in a motor vehicle, which was the property of Darin Tate, with the intent to commit an offense therein. He also was charged with taking a T-shirt which had been located inside the vehicle.
At the adjudicatory hearing, Mr. Tate testified that on February 5, 1999, he had parked his four-door Saturn SL2 in Ybor City. When he returned to the vehicle, it was surrounded by police officers, the rear passenger window had been broken out, and a unique T-shirt, which had been on the back seat, was missing. Mr. Tate did not indicate the name of the street upon which his vehicle had been parked; neither did he identify the vehicle's license plate number or vehicle identification number, nor provide any further description of his vehicle.
A police officer testified that on February 5, 1999, he observed a group of youths at the intersection of 13th Avenue and 17th Street in Ybor City. The individuals were looking into the vehicles parked along the street when one of the youths picked up a brick or rock and threw it through one of the windows of a green, four-door Saturn. *1228 Thereafter, "a couple" of the youths entered the vehicle. This was the only testimony presented by the officer describing the vehicle which was the subject of the burglary. Other police officers testified about the arrest of the individuals, but did not supply any further identifying information concerning the subject vehicle.
At the conclusion of the presentation of all the evidence, counsel for L.D.S. moved for a judgment of acquittal because the State had failed to prove a prima facie case. We agree that the State failed to prove that the green, four-door Saturn, which was the subject of the burglary by the group of youths on 13th Avenue in Ybor City, was the same vehicle which belonged to Mr. Tate.
To support a conviction for burglary, the allegation of ownership of the conveyance must be proven as alleged in the detention petition or information, since it is a material element of the crime. In Interest of M.E., 370 So.2d 795, 796 (Fla. 1979). See D.P. v. State, 656 So.2d 286, 286-287 (Fla. 1st DCA 1995); In Interest of M.M., 571 So.2d 112 (Fla. 4th DCA 1990). As the State failed to prove the essential element of ownership of the burglarized vehicle, L.D.S.'s adjudication of delinquency for burglary and petit theft must be reversed.
The decision to deny the motion for judgment of acquittal was erroneous. This case is reversed and remanded to the juvenile division of the circuit court which is directed to discharge L.D.S. as to these offenses.
Reversed and remanded for further proceedings.
BLUE, A.C.J., and STRINGER, J., concur.