ALTENBERND, Judge.
D.S.S. appeals his adjudication of delinquency and disposition order, which are based on a burglary and resulting criminal episode at Plant City High School. We affirm the adjudication. Athough the State did not present a witness to establish who owns Plant City High School, we conclude that the evidence was sufficient to permit an adjudication based on the offenses of burglary and theft. The disposition order, however, contains scrivener’s errors that require correction on remand.
On the evening of May 6, 2000, D.S.S. and other juveniles broke into Plant City High School. They took candy from a vending machine and committed acts of vandalism. In the process, they set off a burglar alarm. The police responded to the alarm and eventually apprehended D.S.S. on the school grounds.
The delinquency petition alleged that D.S.S. had committed burglary by entering a school owned by the Hillsborough County School Board. It also alleged that he had committed criminal mischief, petit theft, and obstruction of an officer without violence. During the trial, several police officers explained how they were dispatched to Plant City High School, discovered the vandalism and damaged vending machines, and how they saw D.S.S. near the vending machines and captured D.S.S. with five packages of candy on his person. An assistant principal, who had worked at Plant City High School since it opened in 1972, testified about the damage to the vending machines and to the school building.
On appeal, D.S.S. argues that the State did not prove its case because it failed to prove that the school building and the candy were owned or possessed by the Hillsborough County School Board at the time of these offenses. It is undisputed that the State did not call a witness who directly testified that this public high school building was owned by a particular governmental entity. D.S.S. relies primarily on A.L. v. State, 359 So.2d 583 (Fla. 3d DCA 1978). In A.L., an adjudication of delinquency was reversed because the State failed to prove that an athletic room was the property of the Dade County Parks and Recreation Department. 359 So.2d 583.
As explained in In Interest of M.M., 571 So.2d 112 (Fla. 4th DCA 1990): *556 A conviction for the crime of burglary requires proof of three essential elements: (1) knowing entry into a structure; (2) knowledge that such entry is without permission; and (3) criminal intent to commit an offense within such structure. § 810.02, Fla. Stat. (1989). Additionally, ownership of the building or structure is a material element of the crime and must be proven as alleged in order to support a conviction for burglary. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Sifford v. State, 202 So.2d 14 (Fla.App. 1967); In Interest of M.E., 370 So.2d 795 (Fla.1979); Kirkland v. State, 366 So.2d 871 (Fla. 4th DCA 1979) (failure to plead and prove ownership is fatal to the state’s case on burglary).
The two reasons for requiring proof of ownership or custody are first, to show that the building was not the property of the accused, and second, to identify the offense sufficiently to protect the accused from a second prosecution for the same, offense. In the Interest of M.E., 370 [So.2d] at 796-797.
Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee. [Actual ownership is not required, rather] ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control.
Id. at 797.
Thus, the state can meet its burden of proving ownership by simply establishing a possessory right of the alleged victim superior to that of the accused. O’Bryan v. State, 359 So.2d 545 (Fla. 4th DCA 1978).
Id. at 112-13.
We fully agree that in the context of a private building or an automobile, the State must present evidence as to the owner or possessor of the property in order to prove a burglary. See L.D.S. v. State, 784 So.2d 1227 (Fla. 2d DCA 2001); In the Interest of M.M., 571 So.2d 112. Moreover, in this case, we are not required to decide whether we agree with the analysis of the Third District in A.L., 359 So.2d 583, because that cased involved an unnamed building under circumstances that are not well explained in the opinion.
This case involves a formally named public building of the sort that is a landmark in its community. The assistant principal who had responsibility for this building testified concerning the break-in. There can be no legitimate doubt that the building did not belong to D.S.S. There is no risk that D.S.S. could ever be prosecuted again for this same offense. For purposes of the offenses of burglary and theft, we conclude that the ownership of this named public building and the candy in it was sufficiently established in this case. We therefore affirm the adjudication of delinquency as to all offenses.
The disposition order, however, is defective in two respects. First, it finds D.S.S. guilty of first-degree criminal mischief, when the actual offense for which D.S.S. was adjudicated delinquent was second-degree criminal mischief. Second, the trial court entered a single disposition order for a collection of offenses, including both misdemeanors and felonies. The order does not state the disposition of each count as required by Florida Rule of Juvenile Procedure 8.115(c)(2). On remand, the trial court shall correct these errors.
Affirmed with instructions.
WHATLEY and NORTHCUTT, JJ., Concur.