SILBERMAN, Judge.
J.D.C. appeals his adjudication and commitment for battery on a specified official or employee, assault on a specified official or employee, and obstructing or opposing an officer without violence. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), acknowledging that there are no grounds for reversal but suggesting that remand is required for correction of the disposition order. We agree that reversal of the disposition order is required.
J.D.C. was adjudicated delinquent for three separate offenses; two were first-degree misdemeanors and one was a third-degree felony. See §§ 784.081(3), (4), 843.02, Fla. Stat. (2000). The trial court entered one order adjudicating J.D.C. delinquent for' all three offenses. Neither the order nor a separate order entitled “Findings in Support of Disposition Order” identify J.D.C.’s age or the degree and maximum penalty for each of these offenses as required by Florida Rule of Juvenile Procedure 8.115(c)(1), (2).
Because multiple offenses constitute the basis of the delinquency adjudication, the trial court must enter a separate disposition order for each offense that does not impose commitment beyond the comparable adult sanction and that complies with the requirements of rule 8.115(c). See D.S.S. v. State, 806 So.2d 554, 556 (Fla. 2d DCA 2002); A.B. v. State, 805 So.2d 924 (Fla. 2d DCA 2001). Accordingly, we affirm the adjudication of delinquency, reverse the disposition order, and remand for the trial court to enter separate orders of disposition for each offense.
Affirmed in part, reversed in part, and remanded.
STRINGER and CANADY, JJ., Concur.