850 So.2d 459 (2003)
D.S.S., Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-413.
Supreme Court of Florida.
June 12, 2003.
*460 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Tenth Judicial Circuit, Bartow, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law, Tampa, and Susan M. Shanahan, Assistant Attorney General, Tampa, FL, for Respondent.
WELLS, J.
We have for review D.S.S. v. State, 806 So.2d 554 (Fla. 2d DCA 2002), which expressly and directly conflicts with the decision in Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We approve the decision below and disapprove Covington.
On the evening of May 6, 2002, D.S.S. and three other juveniles broke into Plant City High School. They committed acts of vandalism and stole items from the school. Police responded to a burglar alarm and apprehended D.S.S. on school grounds. A delinquency petition was filed against D.S.S., charging burglary, criminal mischief, petit theft, and resisting an officer without violence. At the trial, police officers testified that D.S.S. was seen near damaged vending machines inside the building and was captured as he fled the building with five packages of candy in his pockets. An assistant principal also testified to the extent of damage done to the building and its contents, including the vending machines. The trial court adjudicated D.S.S. delinquent on the basis of all four charges.
On appeal, D.S.S. argued that the State failed to establish a prima facie case because it did not prove that the Hillsborough County School Board owned the *461 school building and candy found in D.S.S.'s pockets. The Second District Court of Appeal rejected D.S.S.'s argument, holding that although no witness specifically testified to the ownership of the school building and its contents, the ownership element was sufficiently established. D.S.S., 806 So.2d at 555. In so holding, the Second District stated:
We fully agree that in the context of a private building or an automobile, the State must present evidence as to the owner or possessor of the property in order to prove a burglary. See L.D.S. v. State, 784 So.2d 1227 (Fla. 2d DCA 2001); In the Interest of M.M., 571 So.2d 112 [(Fla. 4th DCA 1990)]. Moreover, in this case, we are not required to decide whether we agree with the analysis of the Third District in [A.L. v. State, 359 So.2d 583 (Fla. 3d DCA 1978) ], because that case involved an unnamed building under circumstances that are not well explained in the opinion.
This case involves a formally named public building of the sort that is a landmark in its community. The assistant principal who had responsibility for this building testified concerning the break-in. There can be no legitimate doubt that the building did not belong to D.S.S. There is no risk that D.S.S. could ever be prosecuted again for this same offense. For purposes of the offenses of burglary and theft, we conclude that the ownership of this named public building and the candy in it was sufficiently established in this case. We therefore affirm the adjudication of delinquency as to all offenses.
Id. at 556.
D.S.S. seeks review of the Second District's decision, and this Court has accepted jurisdiction on the basis of express and direct conflict with Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978). See art. V, § 3(b)(3), Fla. Const. In Covington, the defendant was convicted of a burglary at the Middle Six School in Indian River County. At trial, the vice-principal testified that the school was "run" by the Board of Public Instruction of Indian River County. On appeal, the Fourth District Court of Appeal reversed Covington's conviction, finding the proof of ownership of the burglarized property insufficient because "the state failed to produce any evidence of the actual ownership of the school property." Id. at 563.
D.S.S. contends that the decision below dispenses with proof of ownership as an element of the offenses of burglary, criminal mischief, and petit theft and allows trial courts to improperly take judicial notice of ownership of a building by a public entity. We disagree. To the contrary, the decision below correctly concludes that sufficient evidence of ownership was presented at trial to establish a prima facie case.
Ownership of the building or structure is a material element of the crime of burglary. In re M.E., 370 So.2d 795, 796 (Fla.1979). Likewise, the crimes of criminal mischief and theft require proof that the damaged or stolen property belonged to "another." See §§ 806.13(1)(a), 812.014(1), Fla. Stat. (1999). The purposes of the ownership element are to prove the accused does not own the property and to sufficiently identify the offense to protect the accused from a second prosecution for the same offense. In re M.E., 370 So.2d at 796-97. This Court has held that the ownership element in burglary is not the same as ownership in property law but, rather, means "any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control." Id. at 797. This is true regarding the ownership element *462 in criminal mischief and theft as well. See Duncan v. State, 29 Fla. 439, 10 So. 815, 816 (1892); R.C. v. State, 481 So.2d 14, 15 (Fla. 1st DCA 1985).
Here, the State presented sufficient evidence to establish the ownership element as it is defined in In re M.E. Throughout the trial, the building was referred to as Plant City High School. An officer testified that the school is located in Hillsborough County. The assistant principal testified that he had worked at the school since it opened in 1972, was called to the school after the burglary, had intended to open it for a group that day, and was involved in directing the clean-up that followed. Furthermore, at the time of the crime and the trial, D.S.S. was a juvenile. These facts provide sufficient circumstantial evidence from which possession of the school building and its contents by the Hillsborough County School Board, rightful as against D.S.S., can be inferred. See Anderson v. State, 504 So.2d 1270, 1272 (Fla. 1st DCA 1986) (holding evidence that county owned burglarized building was sufficient to prove school board's interest superior to that of defendant); R.A. v. State, 400 So.2d 1059, 1059-60 (Fla. 3d DCA 1981) (holding testimony that school was part of county's school system was sufficient to allow trier of fact to determine school board had interest in school building superior to that of defendant); Clark v. State, 500 S.W.2d 507, 507 (Tex.Crim.App. 1973) (finding circumstantial evidence was sufficient to prove ownership element where principal not specifically asked about ownership but made references to "my school" and "my office" and was first person called after burglary).
As for the Covington decision, we disagree with the conclusion therein that where testimony indicated the Board of Public Instruction of Indian River County operated the burglarized school, the State failed to prove the same county owned the school for purposes of a burglary charge. See Covington, 359 So.2d at 563. Such testimony was sufficient to establish that Indian River County had "special or temporary ownership, possession, or control" superior to that of the accused.
Accordingly, we approve the decision below by the Second District Court of Appeal and disapprove Covington v. State, 359 So.2d 563 (Fla. 4th DCA 1978).
It is so ordered.
ANSTEAD, C.J., and PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.