FULMER, Judge.
G.V. was charged by a delinquency petition with simple battery and resisting arrest without violence. G.V. admitted the resisting arrest allegation but proceeded to an adjudicatory hearing on the battery charge. He was found guilty of battery and after a disposition hearing on both charges, he was committed to a low risk residential program. We affirm the adjudication and disposition for both charges, but we reverse the disposition order and remand for correction.
On remand, as the State concedes, the trial court must enter separate disposition orders for each offense. The disposition orders must specify the degree of the offense, the maximum penalty, and that the commitment is limited to one year, the maximum adult sentence for each of the first-degree misdemeanors. See J.D.C. v. State, 841 So.2d 642 (Fla. 2d DCA 2003); F.N.S. v. State, 807 So.2d 758 (Fla. 1st DCA 2002).
G.V. also argues that the disposition order is deficient for the additional reason that the trial judge did not enter written findings of the facts upon which the adjudication is based. G.V. cites to section 985.228(5), Florida Statutes (2001), and Florida Rule of Juvenile Procedure 8.115(c)(4) for the proposition that written findings are required. Section 985.228(5) is not controlling because it addresses adjudicatory orders, not disposition orders. Rule 8.115(c)(4) does address disposition orders and states that the disposition order shall “make all findings of fact required by law.” The statutory law applicable to disposition orders is section 985.23, which requires specific findings on the reasons for the decision to adjudicate and commit the child to the department. However, those findings may be made either “in writing or on the record of the hearing.” We conclude that the oral findings made in the record are sufficient to comply with section 985.23 and rule 8.115(c)(4).
Accordingly, we reverse the disposition order entered and remand to the trial court with directions to enter new disposition orders consistent with this opinion.
Reversed and remanded.
NORTHCUTT and CASANUEVA, JJ., Concur.