PER CURIAM.
V.C. appeals his adjudication of delinquency and commitment to a moderate risk residential facility for battery and trespass in a conveyance. We affirm the adjudication and disposition for both offenses. Although the issue has not been preserved, we bring to the trial court’s attention that it failed to enter a proper order of disposition in each of the eases involved in this appeal. It is likely that the error has resulted in no final order of record in one of the two cases. On remand, it may be prudent for the trial court to correct the disposition order pursuant to Florida Rule of Juvenile Procedure 8.135(a).
V.C. was charged in case number CJC03-02772 with trespass in a conveyance by a petition filed December 18, 2003. The trespass occurred November 8, 2003. By separate petition filed December 29, 2003, as case number CJC03-02973, V.C. was charged with battery occurring November 26, 2003. The trial court essentially treated the two petitions like one two-count petition. These separate cases were tried together on March 12, 2004. The trial court found that the evidence supported the allegations of the petitions but it did not have the required pre-disposition report to enter a disposition. See Fla. R. Juv. P. 8.110(g). In addition to continuing the case for a disposition hearing, the trial court entered a single “judgment” at the conclusion of the trial, adjudicating V.C. delinquent for “Charge of: Trespass in Structure or Conveyance/Aggravated Battery.” After receiving the pre-disposition report, the trial court entered a single disposition order on March 26, 2004, reciting the same combined charges and combining the case numbers in the style. This disposition was entered on a form that does not conform to the requirements of Florida Rule of Juvenile Procedure Form 8.947. Although multiple counts within a single juvenile proceeding can be resolved in a single disposition order if the trial court utilizes the form provided in rule 8.947, each case requires a separate disposition order. See Fla. R. Juv. P. 8.115(c); G.V. v. State, 863 So.2d 1271 (Fla. 2d DCA 2004). Further, each disposition order must specify the age of the child, identify the degree of the offense, and identify the maximum penalty provided by statute. Id.; see also J.D.C. v. State, 841 So.2d 642 (Fla. 2d DCA 2003). To avoid multiple appealable orders, normally an adjudication of delinquency and a disposition order are combined in a single order.
This error was not preserved in the trial court by the filing of a motion pursuant to *304 rule 8.135(b). We decline to treat it as fundamental error. On the other hand, the forms utilized by the trial court in this case may result in similar errors in other cases. If new final orders must be entered in cases that do not currently contain a final order because a combined order was filed in another proceeding, it is likely that the new final order will be appealable. Thus, we hope the trial court will reexamine its form orders upon receipt of this opinion.
Affirmed.
ALTENBERND, C.J., and WHATLEY and LaROSE, JJ, Concur.