32 So.3d 725 (2010)
W.S.G., Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-5251.
District Court of Appeal of Florida, Second District.
April 9, 2010.
*726 James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CRENSHAW, Judge.
W.S.G. appeals a disposition order committing him to the Department of Juvenile Justice after the juvenile court adjudicated him delinquent for domestic battery in circuit court case number 08-CJ-2835 and of violating his probation from an earlier offense of battery in circuit court case number 07-CJ-4237. We affirm his adjudication without discussion, but reverse the disposition order and remand for further proceedings.
During the pendency of this appeal, W.S.G. filed a motion to correct disposition error under Florida Rule of Juvenile Procedure 8.135(b)(2). The juvenile court did not rule on the motion within thirty days; thus, the motion is deemed denied. See Fla. R. Juv. P. 8.135(b)(2)(B). In his motion, W.S.G. argued the juvenile court's disposition order, which revoked his probation in case number 07-CJ-4237, failed to comport with its oral pronouncement, which stated his commitment to the Department of Juvenile Justice was to run consecutively to his underlying probation in case number 07-CJ-4237. We find the juvenile court erred because "[i]f a discrepancy exists between the written sentence and the oral pronouncement, the written sentence must be corrected to conform to the oral pronouncement." Guerra v. State, 927 So.2d 248, 249 (Fla. 2d DCA 2006); see also N.L. v. State, 4 So.3d 1286, 1287 (Fla. 2d DCA 2009) (reversing a disposition order that failed to comport to the juvenile court's oral pronouncement and remanding for the limited purpose of entering a corrected disposition order).
In addition, W.S.G. alleged in his motion that the juvenile court erred by entering one order of commitment in two separate cases. We find this was also error because under then-existing rule 8.115(c), "[e]ach case requires a separate disposition order."[1]See A.R. v. State, 27 So.3d 774, 775 (Fla. 2d DCA 2010); G.V. v. State, 863 So.2d 1271, 1272 (Fla. 2d DCA 2004). Accordingly, we reverse the original disposition order and remand to the juvenile court for the entry of new, separate disposition orders in each case that properly reflect the juvenile court's oral pronouncement.
*727 Affirmed in part, reversed in part, and remanded with instructions.
SILBERMAN and LaROSE, JJ., Concur.
NOTES
[1] We note that as of January 1, 2010, this rule can be located under rule 8.115(d). See In re Amendments to the Fla. Rules of Juvenile Procedure, 26 So.3d 552, 557 (Fla.2009).