Roy Smith alias Tom Green, *Plaintiff in Error*, v. State of Florida, *Defendant in Error.*

En Banc.

Opinion filed June 20, 1928.

*Pine Cheetham & Kehoe,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, for the State.

Ellis, C. J.—Information was filed in the Criminal Court of Record for Dade County charging the plaintiff in error with the offense of breaking and entering a dwelling place in Miami, the property of Frank Heide, "with intent to commit a felony, to-wit: Grand Larceny, with intent to take, steal and carry away money, goods and chattels of the value of more than Fifty ($50.00) Dollars". The

accused pleaded not guilty. The verdict was as follows: "We, the jury, find the defendant guilty as charged, so say we all", and was signed by the foreman.

A motion for a new trial was denied and the accused seeks a reversal of the judgment on writ of error.

The only point discussed in the brief is that there is a fatal variance between the allegation of ownership as to the premises entered and the proof on that point.

The allegation in the information as to the ownership of the dwelling entered places it in one Frank Heide, the proof shows it to have been the property of H. Rich Mooney.

Heide was an employe of Mooney. His duties were to take care of the grounds and open the house occasionally for ventilation. He had a key to the house but did not live in it or on the premises.

The Assistant Attorney General, who appears for the State, submits the case without argument because he is unable to satisfy himself that the record does not present a case of reversible error.

The judgment should be reversed because of the variance between the allegation and proof as to ownership. Under the statutes denouncing burglarious entering the allegation of ownership of the building alleged to have been entered is material and must be proved as laid. See Pells v. State, 20 Fla. 774; Burns v. State, 89 Fla. 494, 104 So. R. 783; Smith v. State, 80 Fla. 315, 85 So. R. 911; Vincent v. State, 66 Fla. 197, 63 So. R. 423; Davis v. State, 51 Fla. 37, 40 So. R. 179, Potter v. State, 91 Fla. 938, 109 So. R. 91.

Reversed.

WHITFIELD, TERRELL, STRUM AND BUFORD, J. J., concur.

BROWN, J., absent on account of illness.