317 So.2d 465 (1975)
Frederick N. MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-646.
District Court of Appeal of Florida, Fourth District.
August 15, 1975.
Rehearing Denied September 18, 1975.
*466 Richard L. Jorandby, Public Defender, and Martin H. Colin, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Stephen R. Koons, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Appellant was convicted of breaking and entering a dwelling house with intent to commit a misdemeanor therein, to wit: petit larceny, contrary of Fla. Stat. § 810.05 (1973). The information charged that the dwelling house was the property of James Caris. The allegation of ownership in a prosecution for breaking and entering is material and must be proved as laid. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Stewart v. State, 122 So.2d 34 (2nd DCA Fla. 1960). The only evidence which the State offered relative to this material allegation was the testimony of one Jeffrey Caris (who was in the dwelling at the time appellant committed the offense) to the effect that he lived in the house with his parents, brother, and sister, and that he lived there all of his life, seventeen years. This evidence is simply insufficient to prove the material allegation of ownership in James Caris, whose name was never mentioned and whose relationship, if any, to Jeffrey Caris was not shown by the record. It was error to deny appellant's motion for judgment of acquittal at the close of the State's case.
The judgment is reversed and the cause remanded with instructions to discharge appellant.
WALDEN, C.J., concurs.
MAGER, J., dissents, with opinion.
MAGER, Judge (dissenting):
I must respectfully dissent because it is my opinion the evidence was sufficient to satisfy the ownership requirement necessary to support a conviction for breaking and entering.
The issue presented does not concern itself with either a failure of the information to allege ownership or a variance between the ownership alleged and subsequently proven. Instead, the issue is the sufficiency of the proof of ownership tested by applicable judicial standards.
The information alleged that the dwelling house in question was the property of James Caris. The testimony presented at trial was that of Jeffrey Caris who testified that he was present at the time of the alleged breaking and entering incident and observed the defendant on the premises at that time. The said Jeffrey Caris further testified that he had lived at the dwelling house in question all his life (a period of seventeen years) with his parents, brother and sister.
For some inexplicable and mystifying reason, the state chose not to present testimony from James Caris (the person named in the information as owner) in order to establish ownership of the dwelling in question, but instead sought to establish this element through the testimony of Jeffrey Caris. Even with this laxity on the part of the state, the allegations and proof *467 of ownership were sufficient enough: (1) to establish that the dwelling was not that of the accused, (2) to protect the accused against a second prosecution for the same crime, (3) to avoid misleading or embarrassing the accused in the preparation of his defense. Hunt v. State, Fla.App. 1967, 200 So.2d 212.
Moreover, it cannot be said at the time of consideration of defendant's motions for judgment of acquittal that the evidence was not legally sufficient to prove ownership or that there was no evidence from which a jury could have resolved the issue of ownership adversely to defendant. 32 Fla.Jur., Trial, sections 92-100. See also Williams v. State, Fla.App. 1975, 309 So.2d 630; Clark v. State, Fla.App. 1974, 293 So.2d 768.
Measured by the standards set forth in Hunt v. State, supra, the defendant's motions for judgment of acquittal based upon insufficient evidence to support the allegation of ownership were properly denied. I would affirm.