347 So.2d 659 (1977)
Peter Joseph SALERNO, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1682.
District Court of Appeal of Florida, Fourth District.
May 27, 1977.
Rehearing Denied July 25, 1977.
*660 Philip G. Butler, Jr., of Foley, Colton & Butler, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Harry M. Hipler, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant was charged in two informations (73-2531 and 73-2557) with three counts of breaking and entering with intent to commit grand larceny. The informations were consolidated for trial. A jury found appellant guilty on all three counts and the court entered judgment pursuant to the verdict.
Initially, appellant complains that the trial court erred in denying his motion for new trial. The main contention in that motion was that an accomplice, who had been granted immunity by the State prior to trial testified for the State and denied that any promises had been made to him in return for his testimony, whereas, in fact, the witness had been granted immunity.
The State called Martin Stein[1] as a witness who testified that he, and appellant, and Chuck Stanzione had burglarized the *661 three homes referred to in the informations in question. He was the primary witness for the State. On cross-examination the defendant asked Stein what promises the State had made to him when he confessed and whether the State had granted him immunity. Stein steadfastly denied that any promises had been made. At the conclusion of the cross-examination counsel for defendant inquired of the State whether it had any "Brady materials regarding his [Stein's] testimony." The prosecutor then asked the court to excuse the jury, and, during a lengthy colloquy between counsel and the court, the prosecutor finally set the record straight. He rather belatedly advised defense counsel and the court that Stein had been granted immunity for some other burglaries which Stein admitted committing. The prosecutor also stated, "It is my understanding, because of Mr. Stein's age and his willingness to testify, which he stated in being advised in the statement  I believe there is a statement that he would be willing to testify in a Court of law. It is my understanding that that is the reason that the charges were never filed against him." The jury was then recalled and Stein testified he had been advised that he would not be prosecuted on the other burglaries to which he had confessed. Defense counsel concluded his cross-examination of Stein with the following question:
"Q. For your immunity you pointed out these houses, various houses to this prosecutor here?
"A. I guess you could call it that."
During closing argument defense counsel argued:
"* * *
"I don't think that is the American way. I think that burglars ought to stand up and be counted, not get immunity to put it on somebody else. That's the American way; stand up and be counted; be tried.
"What do you have in this case, ladies and gentlemen? What do you have? You have a liar, Martin Stein... .
* * * * * *
"... I hope you people can realize why Martin Stein is getting up and lying. Boy, I would sing and dance, if I was facing ten years, to get complete immunity for any charges; and actually drive you around and say, `I hit this place. I hit this place,' and the prosecutor standing there and saying, `Don't worry. I am not going to charge you. I am not going to charge you.'
"I don't think it is right. I really don't... ."
In his closing argument on the question of immunity, the prosecutor stated:
"I submit to you that the practice of granting one criminal immunity is necessary to effective law enforcement. There was no other way to connect this man with Chuck Stanzione and those crimes. If you don't approve of the practice, and it is a decision you have got to make, if you don't approve of the practice, then you walk Pete Salerno out of here today. Thank you."
We recognize the obligation of a prosecutor to assure a defendant a fair trial and not sit silently by while false or misleading evidence is adduced. Wolfe v. State, 190 So.2d 397 (Fla.1st DCA 1966). We also note that until defense counsel called upon him to divulge any "Brady Material" the prosecutor took no affirmative step to correct or clarify Stein's initial testimony that no promises had been made to him. However, counsel for appellant, after the conference in the absence of the jury, was afforded an opportunity to apprise the jury of the true situation. And as the record demonstrates, counsel did adduce testimony from Stein that he had in fact been granted immunity. While defense counsel could have explored the matter more fully, he chose not to do so. In our judgment the post conference cross-examination of Stein and the closing arguments of counsel could leave no doubt in the minds of the jurors that Stein had been given some very favored treatment in return for his testimony, and that is what the whole thing is all about! Therefore, we find no reversible error as to this appellate point.
*662 The second point on appeal, which also arises as a result of inept prosecution, charges that the trial court erred by not granting a judgment of acquittal because the State failed to prove ownership of the houses burglarized.
One count charged appellant with "breaking and entering a dwelling house located at 3050 Northeast 44th Street, Lighthouse Point, Florida, the property of Robert J. Drummond." A second count charged appellant with "breaking and entering a dwelling house located at 3030 Northeast 44th Street, Lighthouse Point, Florida, the property of John Crowe." Neither Mr. Drummond nor Mr. Crowe testified. Jean Drummond and Sara Crowe testified that they lived at the respective addresses. Without question they showed, at the very least, that they were in possession and occupancy of the respective dwellings. During the course of their testimony each of the women referred to her "husband"  but not by name. In fact, nowhere in the evidence does the name of Robert J. Drummond or of John Crowe appear.
Quite obviously, the jury concluded that appellant broke into the above mentioned two dwellings, which were the property of persons other than the appellant, with intent to commit grand larceny. If that were all that is required, then the convictions on those counts should stand. But the Supreme Court of Florida has held repeatedly that the allegation of ownership of a building alleged to have been entered is material and must be proved as laid. In Smith v. State, 96 Fla. 30, 117 So. 377 (1928), the information charged the defendant with breaking into a dwelling "the property of Frank Heide." The proof at trial showed that the property was owned by H. Rich Mooney and that Heide was but the grounds keeper of the premises with the additional duty of opening the house occasionally for ventilation. Thus, the Supreme Court concluded:
"The judgment should be reversed because of the variance between the allegation and proof as to ownership. Under the statutes denouncing burglarious entering the allegation of ownership of the building alleged to have been entered is material and must be proved as laid."
In order not to unduly extend this opinion, we would simply point out that there are numerous later cases following Smith v. State, supra, which indicate no deviation from the holding of that case. As recently as 1975 in Mitchell v. State, 317 So.2d 465 (Fla.4th DCA 1975), this court relied upon the Smith case and held that the testimony of Jeffery Coris that he lived in a certain house with his parents for 17 years was insufficient to prove that James Coris was the owner of the house, as alleged in the information. The State, of course, quotes from Judge Mager's dissent, in the Mitchell case, but the dissent is not the opinion of the court. If the determination of the quantum of proof were solely up to us, we might well agree with Judge Mager's conclusion; but as it was required to do, this court followed Smith in Mitchell, and it does so again in the present case. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
The sole count of the information, # 73-2557, charged appellant with "breaking and entering a dwelling house located at 1001 A-1-A, Hillsboro Beach, Florida, the property of Iris J. Hartley." Iris J. Hartley testified that she lived in the house at that address at the time of the crime and that she was a joint owner thereof with her husband. This was sufficient proof to support the charge.
Accordingly, the judgment and sentence in Circuit Court Case No. 73-2557 is affirmed, and the judgment and sentence in Circuit Court Case No. 73-2541 is reversed.
CROSS, J., and SCHWARTZ, ALAN R. Associate Judge, concur.
NOTES
[1] Stein was about 16 years old when the offenses were committed.