DOWNEY, Judge.
Appellant was charged with attempted burglary of a motor vehicle contrary to Section 810.02(3), Florida Statutes (1975), and possession of burglary tools contrary to Section 810.06, Florida Statutes (1975). After a trial by jury appellant was convicted of attempted trespass and possession of burglary tools. Ostensibly appellate review is now sought of the judgment and sentence based upon two alleged errors of the trial court: 1) the trial court erred in allowing the State to adduce evidence that appellant chose to remain silent after being advised of his constitutional rights; and 2) the trial court erred in failing to grant a judgment of acquittal when the State failed to prove ownership of the vehicle in question as that ownership was alleged in the information.
If the conviction on Count I (attempted burglary of a motor vehicle) had been properly preserved for appeal, we would reverse the conviction on that count because the State failed to prove ownership of the motor vehicle as laid in the information, Salerno v. State, 347 So.2d 659 (Fla. 4th DCA 1977); Mitchell v. State, 317 So.2d 465 (Fla. 4th DCA 1975); Smith v. State, 96 Fla. 30, 117 So. 377 (1928). However, although both parties have treated this matter as involving an appeal from the conviction on both counts of the information, the record demonstrates that the appeal from the written judgment of conviction and sentence gives us jurisdiction only over Count II (possession of burglary tools).
The record reflects that the jury found appellant guilty of attempted trespass and possession of burglary tools. It is further evident that at sentencing in open court the trial judge sentenced appellant to five years in prison for possession of burglary tools and sixty days for the attempted trespass to run concurrent with the prison term. However, in reducing the judgment to writing the Court only adjudicated appellant guilty of Count II (possession of burglary tools) and sentenced appellant to five years in prison. No adjudication or sentence on Count I was provided for in the written judgment. Since the written judgment only adjudicated and sentenced appellant for the crime of possession of burglary tools, we have jurisdiction only to consider an appeal involving that count of the information.
During the course of the testimony of Officer Commello, the State inquired about Miranda warnings and any' statements made thereafter by appellant. Com-mello testified that appellant told him how he happened to be at the scene of the crime but then he stated that “He [appellant] refused to answer any further question in there.” Defense counsel objected and the Court sustained the objection and instructed the jury to disregard the question. This, incidentally, was the second comment upon appellant’s refusal to answer any further questions. This is a clear violation of appellant’s right to remain silent and we doubt the efficacy of the Court’s instruction. Bennett v. State, 316 So.2d 41 (Fla.1975); Martin v. State, 334 So.2d 841 (Fla. 4th DCA 1976); Bostic v. State, 332 So,2d 349 (Fla. 4th DCA 1976); Jones v. State, 200 So.2d 574 (Fla. 3rd DCA 1967).
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial on Count II of the information.
REVERSED AND REMANDED.
ANSTEAD, J., concurs.
CROSS, J., dissents, with opinion.