370 So.2d 795 (1979)
In the Interest of M.E., a Child, Petitioner.
No. 54333.
Supreme Court of Florida.
April 26, 1979.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen., and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for respondent.
ALDERMAN, Justice.
We have for review by petition for writ of certiorari the decision of the Fourth District *796 Court of Appeal in In the Interest of M.E., a child, 357 So.2d 1052 (Fla. 4th DCA 1978), which conflicts with the Second District Court of Appeal's decision in Stewart v. State, 122 So.2d 34 (Fla. 2d DCA 1960). The Fourth District, in M.E., held that a manager of a store, even though he does not hold legal title to the premises, has a possessory property interest in the premises superior to that of a burglar and sufficient to support an allegation of ownership in the manager. The Second District in Stewart v. State, under materially similar facts, held that an allegation of ownership in a manager of a business premise is legally insufficient to support a charge of burglary. We resolve the conflict by rejecting the holding in Stewart v. State and approving the Fourth District's conclusion that, for the purposes of charging burglary, ownership may be alleged in the manager of a store even though he does not hold legal title to the premises.
A petition seeking an adjudication of delinquency was filed against M.E., charging him with burglary. The charging document alleged that M.E. unlawfully entered a structure owned by one Wesley Phillips with intent to commit the offense of larceny, in violation of section 810.02(3), Florida Statutes (1975).
At trial, the state presented testimony that the premises entered was a grocery store managed and run by Wesley Phillips. The testimony, however, established that legal title to the store and its contents was held not by Wesley Phillips but by his father. When the state rested its case, M.E. moved to dismiss the petition on the ground of a fatal variance between the allegation of ownership of the store found in the petition and the proof of ownership offered by the state. This motion was denied, and M.E. thereafter was found guilty as charged and adjudicated delinquent.
On appeal, M.E. argued that the trial court erred in denying his motion to dismiss because the state failed to prove ownership of the premises as alleged in the petition. He contended that the petition should have charged the burglary of Wesley Phillips' father's store because it was the father who was the owner. The Fourth District rejected his argument and affirmed the adjudication of delinquency. The district court held that it is sufficient to charge and prove a greater possessory right than the accused's; that it is not required that the legal title-holder of the property be pleaded and proved as owner; and that the petition in this case sufficiently identified the property and the proof of ownership was as alleged.
M.E. argues that alleging ownership in one other than the holder of legal title should be done only when the legal title-holder is not in possession and the alleged owner has possession and independent control of the premises and is not a mere servant of the legal titleholder. He contends that in the present case there was a failure to prove ownership in Wesley Phillips because there was no showing that he held legal title nor was there any evidence that he had possession and independent control over his father's business at the time of the burglary so as to vest him with a possessory right sufficient to constitute ownership. According to M.E., there was no showing that Wesley was more than a mere employee and that, even if Wesley was the manager, under the decision in Stewart v. State, he did not have sufficient possessory rights to support the state's allegation of ownership. The state responds that there was no fatal variance because Wesley was not a mere employee but was the manager and agent in charge, and in this capacity he had possession and control of the store sufficient to support an allegation of ownership in him.
To support a conviction of burglary, the allegation of ownership of the building entered must be proven as laid since it is a material element of the crime. Smith v. State, 96 Fla. 30, 117 So. 377 (1928). Under various circumstances, however, the ownership may be laid equally well in one person or another. Addison v. State, 95 Fla. 737, 116 So. 629 (1928). The purposes of the requirement of an allegation of ownership in a burglary charge are to prove the premises were not the property of the accused, *797 inasmuch as one cannot commit the offense of breaking and entering his own building, and to identify the offense sufficiently to protect the accused from a second prosecution for the same offense. Davis v. State, 51 Fla. 37, 40 So. 179 (1906).
Ownership for the purposes of charging burglary is not the same as ownership in property law since burglary is a disturbance to habitable security and not to the fee. Ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control. Addision v. State.
The uncontradicted testimony established that Wesley Phillips ran the store; that he was the manager; that he was in charge; and that he was more than merely an employee or servant. Keeping in mind the two-fold purpose for the allegation and proof of ownership, we conclude that an allegation of ownership in a manager of a store, even though legal title is held by another, is legally sufficient because a manager always has lawful control over the premises superior to that of the burglar. The fact that the manager does not hold legal title to the premises is irrelevant in light of the lawful control he exercises over the premises. See Adirim v. State, 350 So.2d 1082 (Fla. 3d DCA 1977). Wesley Phillips, as manager, had a possessory right of interest in his father's store which was greater than that of M.E., and proof of such in no way exposes M.E. to a second prosecution for the same offense.
By our decision, we expressly reject the decision in Stewart v. State to the extent that it holds that a manager who does not hold legal title cannot have a possessory interest superior to that of a burglar and sufficient to support an allegation of ownership. We also disapprove the language found in other decisions, such as in Anderson v. State, 356 So.2d 382, 385 (Fla. 3d DCA 1978), which states that work contact by a nontitle-holding manager does not provide a sufficient possessory interest in the manager to support an allegation of ownership of the premises.
Accordingly, the writ is discharged.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON, SUNDBERG and HATCHETT, JJ., concur.