662 So.2d 735 (1995)
STATE of Florida, Appellant,
v.
Antonio SUAREZ-MESA, Appellee.
No. 94-03676.
District Court of Appeal of Florida, Second District.
November 1, 1995.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellee.
PARKER, Acting Chief Judge.
The state appeals the trial court order which dismissed a burglary count in an indictment filed against Antonio Suarez-Mesa.[1] We reverse.
The issue in this case is one of first impression: Whether a husband who has shared a house with his wife but is restrained by court order from entering the property can be charged with burglary when he enters the premises with the intent to commit a crime. The evidence in this case showed that Suarez-Mesa and his wife rented a house. On May 3, 1994, Suarez-Mesa was arrested and remained in jail until May 16, 1994. On May 4, 1994, the court entered a Temporary Injunction for Protection Against Domestic Violence which granted the wife the temporary exclusive use and occupancy of the couple's residence and restrained Suarez-Mesa from reentering the dwelling. When the judge released Suarez-Mesa on bond on May 16th, he ordered Suarez-Mesa to not go to the wife's dwelling. After Suarez-Mesa *736 was released from jail, he stayed at his sister's house because he understood that he was not allowed to go back to his house. His sister removed most of his belongings from the residence he had shared with his wife. On May 19, 1994, the court held a hearing on the Petition for Injunction for Protection. Suarez-Mesa was present. At the hearing the court orally announced that it was entering an injunction enjoining Suarez-Mesa from entering the dwelling of the wife. In the morning of May 20, 1994, Suarez-Mesa allegedly entered the wife's dwelling and murdered her. The court signed the injunction on May 20, 1994, at 4:30 p.m. Based on these facts, the trial court dismissed the burglary charge, concluding that Suarez-Mesa had an equal right with his wife to enter and remain on the property because the injunctions did not operate to divest him of his interest in the property.
The most relevant case in Florida is Cladd v. State, 398 So.2d 442 (Fla. 1981). In Cladd the court held that a defendant could be guilty of burglary of his estranged wife's apartment when the defendant was physically but not legally separated from his wife and entered an apartment possessed only by the wife in which he had no ownership or possessory interest. The trial judge in the instant case distinguished Cladd because the wife in Cladd was in the sole possession of the premises.
There are some cases from other jurisdictions which are instructive. In Matthews v. Commonwealth, 709 S.W.2d 414 (Ky. 1985), cert. denied, 479 U.S. 871, 107 S.Ct. 245, 93 L.Ed.2d 170 (1986), Matthews and his wife had rented a house from the wife's brother. The house was to be used as the marital residence when the parties were not separated. There, however, were repeated periods of separation. When the parties separated, Matthews lived with his mother. In the five weeks prior to the murders, the wife had procured two separate warrants against Matthews. Matthews had been arrested on the first warrant and released under a court order forbidding him further contact with the wife. Matthews entered the house and murdered his wife and stepdaughter. The court held that Matthews could be found guilty of burglary because he invaded the possessory property right of another. Likewise, the majority of cases have recognized that a spouse who has a legal interest in the property but not a current possessory interest can be charged with burglary. See, e.g., White v. State, 587 So.2d 1218 (Ala. Crim. App. 1990), aff'd, 587 So.2d 1236 (Ala. 1991), cert. denied, 502 U.S. 1076, 112 S.Ct. 979, 117 L.Ed.2d 142 (1992); State v. Herrin, 6 Ohio App.3d 68, 453 N.E.2d 1104 (1982); State v. Schneider, 36 Wash. App. 237, 673 P.2d 200 (1983). A court order can negate a person's right to enter the premises even if that person owns the premises. People v. Szpara, 196 Mich. App. 270, 492 N.W.2d 804 (1992), appeal denied, 442 Mich. 878, 500 N.W.2d 476 (1993); Ex parte Davis, 542 S.W.2d 192 (Tex. Crim. App. 1976).
Based on the above authorities, we conclude that it was error for the trial court to dismiss the burglary charge. At the time Suarez-Mesa entered the home, he did not have a possessory right in the premises. Thus, the state could charge him with burglary.
Reversed and remanded with instructions to the trial court to reinstate the burglary charge.
ALTENBERND and QUINCE, JJ., concur.
NOTES
[1] The grand jury indicted Antonio Suarez-Mesa for first-degree murder, burglary of a dwelling with battery with a dangerous weapon, violation of an injunction for protection against domestic violence, aggravated assault on a law enforcement officer, and obstructing or opposing an officer with violence.