778 So.2d 338 (2000)
David WHETSTONE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 1D99-2400, 1D99-2406.
District Court of Appeal of Florida, First District.
December 29, 2000.
Rehearing Denied February 15, 2001.
*339 Nancy A. Daniels, Public Defender; Dana M. Drukker, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
In these consolidated appeals, appellant appeals from his judgment and sentence for armed burglary with intent to commit assault or battery and for attempted second degree murder. The state cross-appeals the trial court's failure to impose sentence pursuant to the Prison Releasee Reoffender Act after finding that appellant qualified as a reoffender.[1] We affirm in part and reverse in part.
Appellant was charged with the offenses of armed burglary of a dwelling with intent to commit an assault and/or battery, contrary to sections 810.02(2)(a) and 810.02(2)(b), Florida Statutes, and attempted first degree murder. Prior to trial, the state filed notice of its intent to seek classification of appellant as an habitual felony offender, and as a prison releasee reoffender.
The evidence at trial established that appellant and his wife separated in November 1997. In February 1998, appellant's wife obtained a domestic violence injunction, prohibiting appellant from having any contact with his wife either in person, by mail, telephone, or through a third party. In addition, the injunction expressly prohibited appellant from going to, in, or near his wife's current residence, or any residence to which she later moved.
Notwithstanding the existence of the injunction, appellant's wife testified at trial that in April 1998, she and appellant lived together in the home of the wife's parents. The evidence also established that in June *340 1998, appellant and his wife entered into a lease agreement for rental of a house with an option to buy. The owner of the house verified the employment status of both appellant and his wife, because he was leasing to both persons. The owner provided appellant and his wife with a form option to purchase contract to look over, then met with the couple three days later to confirm the lease agreement.[2] Appellant and his wife lived together in the subject residence for two weeks or more in July 1998. Appellant's wife testified that he had not been allowed to enter the house since the end of July 1998.
Neither appellant nor his wife resided in the leased premises in September 1998. Sometime in mid-September, appellant's wife began living with her male friend in his residence, but she went to the leased premises every day. During September, appellant was serving a jail sentence for trespass.
The events underlying this appeal occurred in early October 1998. Around noon of October 7, 1998, appellant's wife arrived at the subject residence with her male friend. Appellant was in the house and conducting himself as though he lived there, when his wife and her male friend entered. The trial testimony of appellant's wife indicates that the police were called, and appellant left. Sometime during the late night hours of October 8 and the early morning hours of October 9, 1998, appellant's wife arrived at the leased premises alone, and spoke to a neighbor before she entered the house. Appellant arrived on a bicycle, and accosted his wife with a knife as she came back out on the porch. The trial testimony indicates that appellant threatened to kill his wife. When she knocked the knife from appellant's hand and attempted to run away, appellant struck her in the head with a rock which he grabbed from an aquarium in the residence. Appellant's wife ran screaming into a neighbor's house; appellant remained outside talking to the neighbor, then rode away on his bicycle.
At the close of the state's case, defense counsel moved for judgment of acquittal. Counsel argued the state failed to prove a burglary, because there was no proof that appellant was not a co-tenant or that he knew he should not be on the premises. The prosecutor responded that appellant knew he should not be there because Mrs. Whetstone had "kicked him out" earlier in the day, and the injunction was proof that appellant was not permitted on the premises. The trial court noted that Mrs. Whetstone violated the injunction by allowing appellant to come back, and by living with him. The court further noted that Mrs. Whetstone had no legal document giving her exclusive use and possession of the premises. The prosecutor contended the injunction gave Mrs. Whetstone exclusive use and possession.
The trial court denied the motion for judgment of acquittal as to the attempted first degree murder charge, but reserved ruling on the burglary charge. The court was concerned with the effect a subsequent lease entered into between the parties to the domestic violence injunction would have on the efficacy of the injunction. At the close of the defense case, appellant's trial counsel renewed the motion for judgment of acquittal as to both counts. The trial court again denied the motion as to Count II, but took the motion under advisement as to the Count I burglary charge.
With regard to Count I, the jury found appellant guilty of burglary of a structure, found the structure was a dwelling, and further found that appellant committed an assault or a battery in the course of the burglary. As to Count II, the jury found appellant guilty of the lesser offense of attempted second degree murder. Appellant's *341 trial counsel moved for new trial, again asserting that appellant could not be guilty of burglary, because appellant and his wife were both tenants of the premises at the time of the incident. At the hearing on the motion, defense counsel argued that appellant and his wife were co-tenants, appellant's rights with regard to the residence were equal to those of his wife, appellant's wife had no legal right to exclude appellant from the leased premises, and appellant had a possessory interest in the residence and the property. The prosecutor again argued that the domestic violence injunction precluded appellant from having any possessory interest in the residence. Observing that appellant had not been convicted of violating an injunction, the trial court reserved ruling on the motion for new trial.
Thereafter, the trial court ruled that appellant either left voluntarily or was ejected by the victim, and thus abandoned the premises. The court noted that appellant's wife paid the rent, and under the facts of the case, she established exclusive possessory interest in the premises. The court concluded appellant could be convicted of burglary under the rationale of Cladd v. State, 398 So.2d 442 (Fla.1981), and State v. Suarez-Mesa, 662 So.2d 735 (Fla. 2d DCA 1995), review denied, 669 So.2d 252 (Fla.1996). At sentencing, the prosecutor presented certified copies of previous judgments and sentences which qualified appellant for sentencing as an habitual felony offender or a prison releasee reoffender. The trial court made a finding that appellant qualified for habitual offender and reoffender sentencing, but concluded the facts and circumstances of this case did not warrant a reoffender life sentence as to the Count I burglary conviction. Consistent with that finding, the trial court imposed concurrent 20-year habitual offender sentences as to Counts I and II, with credit for 185 days served.
On appeal, appellant challenges the trial court's denial of his motion for judgment of acquittal of the charge of armed burglary with intent to commit assault or battery. The purpose of a motion for judgment of acquittal is to test the legal sufficiency of the state's evidence. See State v. Rivera, 719 So.2d 335, 337 (Fla. 5th DCA 1998). In moving for a judgment of acquittal, a defendant admits all facts and evidence adduced at trial, and all reasonable inferences that may be drawn from such evidence. See Thomas v. State, 743 So.2d 1190, 1192 (Fla. 4th DCA 1999); Mosley v. State, 739 So.2d 672, 674-675 (Fla. 4th DCA 1999). "If the evidence, when viewed in a light most favorable to the state, does not establish a prima facie case of guilt, the court should grant the motion." See Thomas, 743 So.2d at 1192. "The standard of review of a trial court's denial of a motion for judgment of acquittal is whether the trial court abused its discretion." See Cox v. State, 764 So.2d 711 (Fla. 1st DCA 2000); Lee v. State, 745 So.2d 1036, 1037 (Fla. 1st DCA 1999), citing Terry v. State, 668 So.2d 954 (Fla. 1996).
"Burglary" is defined in section 810.02, Florida Statutes (1997), which provides in pertinent part:
(1) "Burglary" means entering or remaining in a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.
(2) Burglary is a felony of the first degree, ... if, in the course of committing the offense, the offender:
(a) Makes an assault or battery upon any person; or
(b) Is or becomes armed within the dwelling, structure, or conveyance, with explosives or a dangerous weapon; ...
Burglary is a disturbance to habitable security. "The three essential elements of burglary of a dwelling are 1) knowing entry into a dwelling, 2) knowledge that such entry is without permission, and 3) criminal intent to commit an offense *342 within the dwelling." See D.R. v. State, 734 So.2d 455, 457 (Fla. 1st DCA 1999). One cannot commit the crime of burglary of his own premises. See In the Interest of M.E., 370 So.2d 795, 796-797 (Fla.1979). "Ownership means any possession which is rightful as against the burglary and is satisfied by proof of special or temporary ownership, possession, or control." See id. at 797.
In this case, the trial court relied upon Cladd v. State, 398 So.2d 442 (Fla.1981), and State v. Suarez-Mesa, 662 So.2d 735 (Fla. 2d DCA 1995), review denied, 669 So.2d 252 (Fla.1996), in determining that appellant committed burglary in entering the house which he and his wife leased together. In Cladd, the issue presented was whether "a husband, who is physically but not legally separated from his wife, can be guilty of burglary when he enters premises, possessed only by the wife and in which he has no ownership or possessory interest, without the wife's consent and with intent to commit an offense therein." The Cladds had been separated for six months, although there was no formal separation agreement or restraining order. The wife had taken an apartment. The husband never lived in the wife's apartment and had no possessory interest in it. The husband broke through the locked door of the wife's apartment, struck the wife and attempted to throw her over the second floor stair railing. The next morning he again attempted to break into the wife's apartment, but left when police arrived. The supreme court rejected the husband's argument that the right of consortium deriving from the marital relationship precluded the state from ever establishing the nonconsensual prerequisite to the crime of burglary. The court held that burglary is an invasion of possessory property rights of another; thus, the husband could be guilty of burglary if he makes a nonconsensual entry into premises in the sole possession of his wife with the intent to commit an offense. See id. at 444.
In Suarez-Mesa, on facts somewhat analogous to the circumstances of this case, the issue was whether a husband who had shared a house with his wife but was restrained by court order from entering the property, could be charged with burglary when he entered the premises with intent to commit a crime. The trial judge dismissed the burglary charge against Suarez-Mesa, concluding he had an equal right to enter and remain on the property because the injunctions did not operate to divest him of his interest in the property. The trial judge distinguished Cladd, because there, the wife was in sole possession of the premises. The Second District Court of Appeal reversed the trial court's dismissal of the burglary charge. The appellate court concluded that at the time Suarez-Mesa entered the home, he did not have a possessory right in the premises. Therefore, the state could charge him with burglary.
The distinction between the instant case and the cases relied upon by the state and the trial court is that here, appellant and his wife purportedly entered into an oral lease as co-tenants of the premises after the domestic violence injunction issued. The trial court found the parties were cotenants, but ruled that appellant abandoned the premises. The court's ruling in this regard was predicated in part on testimony that Mrs. Whetstone always paid the rent, with no contribution from appellant. In addition, the trial court considered Mrs. Whetstone's testimony that she threw appellant out, and the landlord's testimony that Mrs. Whetstone told him appellant no longer lived there. Based on the finding of abandonment, the court ruled appellant could be charged with burglary for the nonconsensual entry of October 8, 1998.
"[P]roof of abandonment of leased premises requires that there must be `an intent to abandon and conduct by which the intention is carried into effect, or such a relinquishment by the tenant as will justify an immediate resumption of possession by the landlord. Where there is such a relinquishment, there is a sufficient abandonment or surrender.'" See Bobo v. Vanguard Bank & Trust Co., Inc., 512 So.2d 246, 247 (Fla. 1st DCA 1987), quoting *343 51 C.J.S. Landlord and Tenant, § 125(2) (1968).
The evidence in this case does not support the trial court's finding that appellant abandoned the premises which he and his wife jointly leased. It is true that in some circumstances, a domestic violence injunction can abrogate a possessory interest in jointly-held premises. See, e.g., State v. Suarez-Mesa, 662 So.2d at 736. However, in this case, appellant and his wife jointly leased and jointly occupied the premises after issuance of the domestic violence injunction. Indeed, subsequent to obtaining the domestic violence injunction, appellant's wife co-habited with appellant in April 1998 in her parent's home, and then in July 1998, in the jointly-leased premises. At no time did the parties petition the court to lift the injunction.
Based on the evidence, we believe appellant's possessory interest in the jointly-leased premises was equal to that of his wife at the time of the incident. Appellant's wife was not living in the house at that time, and her change in residence effectively neutralized any superior possessory interest she might have had predicated on her payment of the rent. We, therefore, conclude the evidence is insufficient to sustain appellant's conviction of the offense of burglary of a dwelling.
In the cross-appeal, the state asserts that it was error not to sentence the appellant to life as a prison releasee reoffender on the conviction in Count I for burglary of a dwelling with a battery. Since that conviction has been reversed, the cross-appeal issue is moot.
Accordingly, appellant's Count I conviction and sentence of burglary of a dwelling is reversed. Appellant's Count II conviction of attempted second degree murder is affirmed.
PADOVANO and BROWNING, JJ., concur.
NOTES
[1] See Ch. 97-239, Laws of Fla.; § 775.082(8), Fla.Stat. (1997).
[2] The lease agreement, which was made out in the names of both appellant and his wife, was never signed.