799 So.2d 442 (2001)
Larry CUNNINGHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-2080.
District Court of Appeal of Florida, Fifth District.
November 16, 2001.
*443 Larry Cunningham, Avon Park, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Cunningham appeals from the trial court's summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850, challenging his convictions and sentencing for attempted voluntary manslaughter, armed burglary of a conveyance with a deadly weapon, aggravated battery with a deadly weapon, aggravated fleeing or attempting to elude a law enforcement officer, driving under the influence with property damage or personal injury, leaving the scene of an accident involving property damage, and reckless driving. Initially, he raises a Heggs issue,[1] claiming that he was sentenced under the unconstitutional 1995 sentencing guidelines. We reject this ground, since it appears from the record his total incarceration of 106.6 months would not exceed the sentencing range under the constitutional 1994 guidelines.
However, the second issue merits further consideration. Cunningham argues that his counsel was ineffective for not arguing that one of the charges, armed burglary of a conveyance, should have been dismissed. The automobile involved was being occupied by Cunningham's wife and her friend at the time he leaned over into the vehicle, fought with the friend and stabbed his wife. He asserts that the car was titled in both his name and his wife's name and that he could not be charged with burglarizing his own car.
The trial court rejected this argument because "burglary" means "entering or remaining in a ... conveyance with the intent to commit an offense therein." See § 810.02(1), Fla. Stat. (2000). In Cladd v. State, 398 So.2d 442 (Fla.1981), the supreme court held that a husband physically but not legally separated from his wife, could be guilty of burglary when he entered the premises possessed by the wife without her consent. However, in Cladd the husband had no ownership or possessory interest in the premises.
In this case, the appellant claims an ownership interest in the automobile. It is questionable whether he can therefore be found guilty of trespass or burglary as to the car, without proof of specific circumstances.[2] *444 A burglary victim must have an ownership or possessory interest in the property which was burglarized that is rightful and superior to that of the burglar.
Because Cunningham raised a meritorious issue not controverted by the record attached to the summary denial, we reverse and remand for the trial court to either attach documents conclusively refuting Cunningham's claim of ineffective assistance of counsel, or hold an evidentiary hearing.
REVERSED and REMANDED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Heggs v. State, 759 So.2d 620 (Fla.2000) (Chapter 95-184, Laws of Florida, unconstitutional for violating the single subject rule of the state constitution).
[2] Cf. Whetstone v. State, 778 So.2d 338 (Fla. 1st DCA 2000), receded from on other grounds, Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001) (defendant could not be convicted of armed burglary of dwelling which he and his wife had jointly leased); State v. Suarez-Mesa, 662 So.2d 735 (Fla. 2d DCA 1995), rev. denied, 669 So.2d 252 (Fla.1996).