932 So.2d 482 (2006)
Harry HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-268.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
*483 Carey Haughwout, Public Defender, Jeffrey N. Golant, Patrick B. Burke and Yvette Farnsworth, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Harry Howard (Defendant) appeals the order denying, after evidentiary hearing, the third of four grounds raised in his motion for postconviction relief, filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. On appeal, he argues only that the trial court erred in not granting a hearing in connection with two other grounds. We affirm.
Pursuant to a negotiated plea, Defendant pleaded no contest to three counts: (I) burglary of a conveyance while armed; (II) aggravated stalking; and (III) aggravated assault (committed with a knife). He was sentenced, pursuant to the agreement, to concurrent terms of ten years for the first count and five years for each of the other two.[1] The factual basis for the plea was that he jumped into the vehicle of the victim, his wife, who had a restraining order against him; he put a knife to her neck and forced her to drive; when she jumped from the vehicle, Defendant chased her, threw her against a tree, and beat her.
In the motion, Defendant alleged he told his attorney he was never served notice of the restraining order or the order itself and did not actually know it was issued. At the hearing, the trial court resolved against Defendant his claim that his attorney had failed to advise him that he had a defense against the aggravated stalking charge based on such lack of notice and knowledge, crediting the testimony of the attorney who represented him at the time of the plea that, despite knowing the defense was available, Defendant agreed to take the plea, a package deal which resolved all three charges as well as his pending violation of probation in another case.
Defendant's first claim was that his plea was involuntary because defense counsel failed to advise him  though he told counsel that he made the down payment and all payments for the victim's truck and she paid only the insurance  that his ownership interest in the vehicle was a defense to the burglary charge, advising him instead to enter the plea; had counsel advised *484 him of the defense and obtained the documents to support his claim that he owned the truck, he would not have entered the plea but would have proceeded to trial. See Cunningham v. State, 799 So.2d 442, 444 (Fla. 5th DCA 2001) (reversing summary denial of postconviction claim that defense counsel was ineffective for failing to argue that the charge of armed burglary of a conveyance should have been dismissed, where the automobile in question was occupied by defendant's wife and her friend, and defendant asserted in his motion that the car was titled in both his name and his wife's, the court explaining that "A burglary victim must have an ownership or possessory interest in the property which was burglarized that is rightful and superior to that of the burglar."). His fourth ground was that defense counsel was ineffective for misadvising him to enter his plea because there was no factual basis to support the burglary and aggravated stalking charges, in light of his other grounds. Had counsel not misadvised him, he would have proceeded to trial. On appeal, he restricts his arguments to the summary denial of grounds one and four as they pertain to the burglary charge.
We agree that the record attachments to the summary denial did not refute these claims. The state asserted that the existence of the restraining order gave Defendant's wife the greater possessory interest in the truck, citing State v. Suarez-Mesa, 662 So.2d 735 (Fla. 2d DCA 1995) (reversing the dismissal of an indictment for burglary, holding that a husband who shared a house with his wife but was restrained by court order from entering the premises could be charged with burglary when he entered with the intent of committing a crime), rev. denied, 669 So.2d 252 (Fla.1996). The Suarez-Mesa court cited authorities from various jurisdictions holding that "a spouse who has a legal interest in the property but not a current possessory interest can be charged with burglary." Id. at 736.
However, the restraining order is not included in the record and, to the extent Defendant could prove he did not know his entry into the conveyance was without his wife's permission or prohibited by the restraining order, he may still have had a valid defense to the burglary charge. See Whetstone v. State, 778 So.2d 338 (Fla. 1st DCA 2000) (reversing conviction for armed burglary of a dwelling with intent to commit assault or battery, despite the victim's having obtained a restraining order against the defendant, where, after the restraining order was issued, the defendant and the victim resumed living together and together leased the subject apartment), receded from on other grounds by Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001). The Whetstone court pointed out that the elements of burglary include knowing entry into a dwelling, knowledge that the entry is without permission, and criminal intent to commit an offense in the dwelling. Id. at 341-42 (quoting D.R. v. State, 734 So.2d 455, 457 (Fla. 1st DCA 1999)).
The burglary charge was Defendant's most serious charge, and it seems altogether possible that Defendant might have rejected the state's offer as to all three counts (and the VOP) had he known he had a defense he could have asserted at trial as to that charge. There is nothing in the record which has been provided to this court that refutes that claim.
We affirm, however, because the only relief to which Defendant would be entitled on a claim that he involuntarily entered his plea is to be permitted to withdraw the plea in its entirety. But he has not filed anything to indicate that he desires to do so. Instead, he repeatedly *485 asserted below that the relief he sought was to have the burglary and aggravated stalking charges vacated, and to be resentenced for the remaining count. Even if he proved all he has alleged, he would not be entitled to such a remedy, and he has not clarified on appeal that he seeks any other.
Our affirmance is without prejudice to Defendant's refiling the burglary defense grounds of his motion and seeking to withdraw his plea. Because the time for filing a rule 3.850 motion expired while this matter was pending in the trial court, he may have thirty days from the issuance of this court's mandate in which to file such a motion, which shall be deemed timely filed.
FARMER, KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The agreement also provided for him to enter a no contest plea to the violation of probation in another case and to receive a concurrent sentence of fifty-seven months for it.