TORPY, J.
Appellant challenges his conviction for burglary of a dwelling. He argues that he *981 was entitled to a judgment of acquittal because he was a co-lessee of the residence he allegedly burglarized. Because the evidence, when viewed in the light most favorable to the State, presented a question of fact as to whether the victim’s possesso-ry interest in the residence was superior to Appellant’s at the time of the burglary, we affirm.
In January 2007, Appellant and the victim, Jantia Lofton, leased a home and began cohabitating. In mid-March 2007, Lofton asked Appellant to move out of the house after they had a fight and he “destroyed some things.” Appellant agreed to leave but refused Lofton’s request that he return the key and garage door opener. As a consequence, Lofton had the locks changed. When Appellant vacated the home, he took all of his belongings with him, except possibly a stray shirt or pair of socks. Soon after Appellant moved out, Lofton contacted her landlord and asked that Appellant be removed from the lease. She testified that she paid the rent on the property.
On April 9, 2007, while Lofton was in her car in the driveway of the home, Appellant drove his truck in behind her. As she sat in the driver’s seat with the window up, Appellant approached and began yelling at her and asking for money. When she refused to roll down the window, he began hitting her car window and the truck. Lofton pulled out of the driveway, but before she could drive away, she saw Appellant get something out of his truck and open her garage door. She then pulled back in the driveway and followed him inside her home. A struggle ensued when Appellant went into Lofton’s bedroom and retrieved her computer. Appellant left the house and tried to put the computer in his truck. When Lofton tried to stop him, he threw it on the ground. At the time of the incident, Appellant’s name was still on the lease and utility bill for the home. Although Lofton had attempted to have Appellant’s name removed from the lease in mid-March, she waited until August to have his name removed from the utility account.
After the State rested, Appellant moved for judgment of acquittal arguing that there was no evidence that the right to possession of the property was exclusive to Lofton. Rather, he argued, the undisputed evidence was that he was still named on the lease at the time of the incident. The court denied the motion in light of Lofton’s testimony that she had asked the landlord to remove Appellant from the lease after he moved out in mid-March. Thus, there was some evidence that the relationship had ended and Appellant did not have permission to enter the home. The court also concluded that there was evidence that Lofton had a superior possessory interest in the home.[1]
On appeal, Appellant argues that, because his name was still on the lease and utility bill at the time of the burglary, he is entitled to judgment as a matter of law. He places primary reliance upon Whetstone v. State, 778 So.2d 338 (Fla. 1st DCA 2000), receded from on other grounds, Jones v. State, 790 So.2d 1194 (Fla. 1st DCA 2001), a case that we find distinguishable. In Whetstone, the wife obtained a domestic violence injunction against her husband. After having obtained the injunction, however, she and her husband entered into a lease agreement for rental of a house, and they lived together there for two weeks. At the end of the two-week period, the wife told the husband not to enter the house. Later, the wife moved *982 out of the leased premises and began living with her male friend in his residence, although she went to the leased premises daily. During one of these visits to the leased premises, the husband arrived and attacked her. He was charged with multiple crimes, including burglary of a dwelling with intent to commit an assault and/or battery. The trial court denied the husband’s motion for judgment of acquittal, concluding that, because the wife paid rent, she had established an exclusive pos-sessory right of the premises. The husband was convicted of burglary.
On appeal, the first district reversed. It concluded that the wife’s superior interest in the residence had been “neutralized” when she vacated the residence, placing both spouses on equal footing regarding their possessory interests in the residence. It stated:
Based on the evidence, we believe appellant’s possessory interest in the jointly-leased premises was equal to that of his wife at the time of the incident. Appellant’s wife was not living in the house at that time, and her change in residence effectively neutralized any superior pos-sessory interest she might have had predicated on her payment of the rent. We, therefore, conclude the evidence is insufficient to sustain appellant’s conviction of the offense of burglary of a dwelling.
Whetstone, 778 So.2d at 343.
Here, Lofton remained in possession of the premises after Appellant vacated, thereby distinguishing Whetstone. Under the facts of this case, we think a jury question was presented as to whether Lof-ton had a superior interest in the premises. She testified that she asked Appellant to move out and he acquiesced. She took steps to have him removed from the lease, changed the locks and told him not to return to the premises. On these facts, the trial court was correct in denying the motion for judgment of acquittal.
AFFIRMED.
GRIFFIN, J., and PLEUS, JR., R., Senior Judge, concur.

. Although Appellant testified and contradicted Lofton on some issues, we assume that the jury accepted Lofton’s testimony on disputed issues of fact for purposes of this appeal.