WOLF, J.
 

 Appellant challenges his conviction and sentence for burglary of a dwelling with assault or battery. We find the trial court erred in denying appellant’s motion for judgment of acquittal. The evidence established appellant entered the apartment he shared with his girlfriend, he was paying at least half of the bills and expenses for the apartment, and his belongings were still in the apartment. There was no evidence presented that appellant had abandoned the apartment. Witnesses testified appellant intended to move out in the future, but he had not yet done so.
 
 See Whetstone v. State,
 
 778 So.2d 338, 342 (Fla. 1st DCA 2000) (“ ‘[PJroof of abandonment of leased premises requires that there must be ‘an intent to abandon and conduct by which the intention is carried into effect, or such a relinquishment by the tenant as will justify an immediate resumption of possession by the landlord.’ ”) (quoting
 
 Bobo v. Vanguard Bank & Trust Co., Inc.,
 
 512 So.2d 246, 247 (Fla. 1st DCA 1987)).
 

 Furthermore, there was no evidence presented that appellant’s girlfriend revoked her consent to him living in the apartment. To the contrary, a witness testified she called appellant on the night of the incident and asked him to continue living there.
 
 See D.R. v. State,
 
 734 So.2d 455, 459-60 (Fla. 1st DCA 1999) (finding insufficient evidence of burglary where “[njothing in the record suggests that consent to enter, once given to [the defendant], was ever withdrawn expressly or by implication and communicated to him”). Therefore, we reverse and remand with instructions that appellant be discharged.
 

 REVERSED AND REMANDED, with instructions.
 

 DAVIS and MARSTILLER, JJ, concur.