EMAS, J.
 

 William Pierre (“Pierre”) was charged in a three-count information with sexual battery, burglary of an occupied dwelling with an assault or battery, and kidnapping. He was convicted as charged and appeals the trial court’s denial of his motion for judgment of acquittal on the burglary count. We reverse because the trial court erred in denying Pierre’s motion for judgment of acquittal on that count.
 

 In the early morning hours of September 5, 2006, the victim
 
 [1]
 
 was sleeping on the couch and was awakened by. a man who had tied her up and covered her face. The man told her he had a gun, and he then proceeded to commit a sexual battery upon her. After the man left, the victim ran to a neighbor’s house for help.
 

 The attack took place in an efficiency apartment where the victim had, for the past three weeks, been staying with her friend, Natalie. Natalie’s boyfriend, (Pierre), had also lived with the women in the efficiency during this time period, and the victim slept on the couch. Two weeks before the incident, Natalie told the victim she (the victim) would soon have to vacate the efficiency because Natalie and Pierre were moving into another house on the same property (“the main house”). In the week before the attack, Natalie and Pierre began moving their belongings from the efficiency into the main house, but as of the night of the attack, some of their personal items, including a television and a crib, remained in the efficiency. On the night of the attack, the victim returned to Natalie her key to the efficiency before going to sleep; the victim was moving out the next day. On the night of the attack, the victim locked the door of the efficiency (from the inside) before going to sleep.
 

 Following a police investigation, Pierre was arrested and charged as described previously.
 

 At trial, the victim and Pierre both testified.
 
 [2]
 
 Viewing the pertinent testimony in a light most favorable to the State, the evidence at trial established:
 

 — Pierre, Natalie, and the victim all lived together in the efficiency for some period of time prior to the incident;
 

 — Several days before the incident, Pierre and Natalie began moving out of the efficiency and into the main house;
 

 — On the night of the incident, the victim slept at the efficiency and Pierre slept at the main house;
 
 [3]
 

 — Some personal items of Pierre and his girlfriend remained in the efficiency, including a television and a crib;
 

 
 *701
 
 — Pierre continued to go back and forth between the main house and the efficiency even after he and Natalie began staying at the main house;
 

 — The victim was a guest of Natalie, and the victim slept on the couch while staying at the efficiency, including on the night of the incident;
 

 — Pierre’s name was on the lease and he had signed the lease, which covered both the main house and the efficiency;
 
 [4]
 

 — The victim did not pay rent for the efficiency, was not on the lease, and did not know whether Pierre or Natalie (or both) paid the rent;
 
 [5]
 

 — On the night of the incident, Pierre had a key to the efficiency or had access to the key,
 
 [6]
 
 and the victim was aware of this;
 

 — There was no evidence of forced entry into the efficiency on the night of the incident;
 

 — Natalie had told the victim that she (the victim) had to move out of the efficiency. The victim returned her key to Natalie before going to sleep on the night of the incident, and intended to move out the next day.
 

 At the close of the evidence, the defendant moved for a judgment of acquittal on the burglary charge, arguing the State failed to prove a burglary because it did not establish that the victim had a posses-sory interest in the efficiency superior to Pierre’s. The trial court denied the motion, concluding that this was a question of fact for the jury.
 

 We review de novo the trial court’s denial of a motion for judgment of acquittal.
 
 L.J. v. State,
 
 971 So.2d 942 (Fla. 3d DCA 2007);
 
 Jones v. State,
 
 790 So.2d 1194, 1196-97 (Fla. 1st DCA 2001) (“[T]he decision to grant or deny a motion for judgment of acquittal is not one that calls for the exercise of judicial discretion.”).
 

 In proving the crime of burglary, a victim’s ownership of the building or structure is a material element of the crime.
 
 D.S.S. v. State,
 
 850 So.2d 459, 461 (Fla.2008);
 
 In re M.E.,
 
 370 So.2d 795 (Fla.1979). However, the concept of “ownership” for purposes of proving a burglary is different than commonly-understood concepts of ownership under general property law: “Ownership means any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control.”
 
 Whetstone v. State,
 
 778 So.2d 338, 342 (Fla. 1st DCA 2000), abrogated on other grounds by
 
 Jones v. State,
 
 790 So.2d 1194 (Fla. 1st DCA 2001), (citing
 
 M.E.,
 
 370 So.2d at 797). Because the victim (and not Pierre) was actually living in the efficiency on the night in question, the mere fact that Pierre held some legal interest in the efficiency (as a lessee) is not itself determinative of his possessory interest, because the crime of burglary involves “a disturbance to habitable security and not to the fee.”
 
 Id.
 
 Therefore, Pierre’s legal interest as a
 
 *702
 
 lessee is but one factor among the totality of circumstances to be considered in determining whether the victim had a superior possessory interest on the night in question.
 
 See Harper v. State,
 
 169 So.2d 512, 515 (Fla. 2d DCA 1964). Nevertheless, we are compelled by the evidence in this case to conclude that the state failed to establish the victim had a possessory interest which was superior as against Pierre.
 

 In
 
 Whetstone,
 
 the First District considered the conviction of a defendant who had attacked his wife at a home they leased together. The trial court denied the defendant’s motion for judgment of acquittal, finding he had abandoned the premises prior to the attack, and that his wife had established exclusive possessory interest in the premises (although she too had moved out before the attack), because she continued to pay the rent. The First District reversed the trial court’s denial of the motion for judgment of acquittal, finding that “based on the evidence, we believe appellant’s possessory interest in the jointly-leased premises was equal to that of his wife at the time of the incident.”
 
 Id.
 
 at 343. The court noted that to prove abandonment of a leased premises “there must be ‘an intent to abandon and conduct by which the intention is carried into effect, or such a relinquishment by the tenant as will justify an immediate resumption of possession by the landlord.’ ”
 
 Id.
 
 at 342.
 

 In
 
 Washington v. State,
 
 11 So.3d 980, 981 (Fla. 5th DCA 2009), the appellate court affirmed a trial court’s denial of a motion for judgment of acquittal, finding there was “a question of fact as to whether the victim’s possessory interest in the residence was superior to Appellant’s at the time of the burglary.” The victim and the appellant had lived together prior to the burglary, but she kicked him out of the home a few weeks before the burglary and changed the locks when he refused to give her the key. The appellant had taken all of his belongings, except a couple of stray clothing items. In addition, the victim asked the landlord to take the appellant off the lease and paid the rent herself.
 

 Finally, in
 
 Breen v. State,
 
 68 So.3d 365, 365 (Fla. 1st DCA 2011), the First District Court of Appeal held the trial court erred in denying appellant’s motion for judgment of acquittal, finding no abandonment, where “evidence established appellant entered the apartment he shared with his girlfriend, he was paying at least half the bills and expenses for the apartment, and his belongings were still in the apartment.”
 

 The evidence at trial, viewed in a light most favorable to the state, failed to establish that the victim had a possessory interest that was superior to that of Pierre. The evidence established that Pierre had both a legal interest in the property (which was superior to the victim’s) and a posses-sory interest in the property that was at least equal to the victim’s temporary pos-sessory interest. Pierre had access to the efficiency, lived in the main house, which was a part of the property under the lease, had belongings which remained in the efficiency even on the date of the incident, and continued to go back and forth between the efficiency and the main house even after he and his girlfriend began living in the main house. The evidence failed to establish Pierre had “abandoned” his possessory interest in the efficiency.
 

 The trial court erred in denying Pierre’s motion for judgment of acquittal on the charge of burglary with an assault or battery. We reverse and remand with instructions to vacate the conviction and sentence for the burglary and enter a judgment of acquittal on that count.
 

 Reversed and remanded with instructions.
 

 [1]
 

 . In the interest of privacy, the victim is not referred to by name in this opinion.
 

 [2]
 

 . Pierre’s girlfriend, Natalie, did not testify at trial. However, the investigating detective testified to statements made to him by Natalie in the course of his police investigation.
 

 [3]
 

 .Natalie was at work at the time of the incident.
 

 [4]
 

 . Pierre testified to this, as did the investigating detective, who had obtained this information from Natalie.
 

 [5]
 

 . Pierre testified that he paid the rent (for the efficiency and the main house) every month. The victim testified that she was not sure who paid the rent for the efficiency, but that it was possible both Pierre and Natalie (or one of them) paid for it. The victim also testified that Natalie and Pierre would sometimes get into fights; when that happened, Natalie would kick Pierre out of the efficiency and he would stay with his mother.
 

 [6]
 

 .The detective testified that, according to Natalie, the "key to the efficiency was kept in the main part of the house because the defendant and the girlfriend were the actual leasers [sic] of the property, and so they were maintaining possession of the key.”