GROSS, J.
We affirm appellant’s conviction of robbery with a firearm without further comment but reverse his conviction for armed burglary of an occupied structure because the state failed to allege and prove ownership of the burgled structure.
The robbery occurred at a bread distribution center in Belle Glade owned by the Flowers Baking Company; the victim was an employee of AMB Company, a subsidiary of the Flowers Baking Company. *90 The employee did not normally work at the Belle Glade location. He was there to service an open distribution route the company was trying to sell to an independent distributor. For the burglary charge, the information alleged that the structure was the property of the employee.
Where a burglary is charged, “allegations of ownership of the premises burglarized are material and substantial matters and must be proved in order to support a conviction.” Gagne v. State, 138 So.2d 90, 91 (Fla. 2d DCA 1962). The Supreme Court explained the ownership requirement in D.S.S. v. State:
Ownership of the building or structure is a material element of the crime of burglary. In re M.E., 370 So.2d 795, 796 (Fla.1979).... The purposes of the ownership element are to prove the accused does not own the property and to sufficiently identify the offense to protect the accused from a second prosecution for the same offense. In re M.E., 370 So.2d at 796-97. This Court has held that the ownership element in burglary is not the same as ownership in property law but, rather, means “any possession which is rightful as against the burglar and is satisfied by proof of special or temporary ownership, possession, or control.” Id. at 797.
850 So.2d 459, 461 (Fla.2003). Proof of possession is required for the additional reason that burglary is “an offense involving the possessory rights of another.” Potter v. State, 91 Fla. 938, 109 So. 91, 94 (1926).
When a business owns burgled premises, well-established case law from the Supreme Court does not allow the state to list a mere employee as the owner of the premises in the charging document and then prove at trial that the employee’s ownership or possession of the premises is rightful as against the burglar.
Smith v. State, 96 Fla. 30, 117 So. 377 (1928), is the earliest case disallowing the use of an employee as the owner of property in a burglary charge. There, for a charge of breaking and entering a dwelling, the state alleged that the dwelling was the property of Frank Heide. Id at 377. At trial, the state proved that the dwelling was “the property of H. Rich Mooney.” Id. Heide was an employee of Mooney who took care of the grounds and used a key to “open the house occasionally for ventilation.” Id. Although the defendant was convicted at trial, the Supreme Court reversed because the nature of the employee’s possession of the dwelling was insufficient proof of ownership to support the breaking and entering charge. Id.
In 1979, the Supreme Court softened the holding of Smith to allow the manager of a business to serve as an “owner” of property in a burglary charge, but reaffirmed the disqualification of a mere employee from performing that function. See In re M.E., 370 So.2d at 797. That case held that where the information listed the manager of a grocery store as the owner of burgled premises, such “an allegation of ownership ... [was] legally sufficient because a manager always has lawful control over the premises superior to that of the burglar.” Id. The Supreme Court cited Smith with approval and drew a distinction between the manager of a business and an employee:
The uncontradicted testimony established that [the manager] ran the store; ... that he was in charge; and that he was more than merely an employee or servant.
Id. (emphasis added). The italicized language demonstrates that the Supreme Court reaffirmed the holding in Smith and maintained a distinction between a manager and an employee. Unlike the manager *91 who exercises lawful control over premises, a servant or employee occupies the space but does not control it. See also Adirim v. State, 350 So.2d 1082, 1084 (Fla. 3d DCA 1977) (holding that where state alleged that burglarized structure was property of victim, the branch manager of the firm that owned the property, the victim had a sufficient possessory interest to support burglary charge, where he “was more than a mere employee,” but was the “individual responsible for custody of the stolen items”).
The Supreme Court did not alter the holding of Smith or In re M.E. in D.S.S., a case involving the burglary of a high school. The information alleged that the Hillsborough County School Board owned the building. D.S.S., 850 So.2d at 461. The Supreme Court held that the state presented sufficient circumstantial evidence of the school board’s ownership where it proved that the school was located in Hillsborough County and the assistant principal testified that he “had worked at the school since it opened in 1972, was called to the school after the burglary, had intended to open it for a group that day, and was involved in directing the clean-up that followed.” Id. at 462. D.S.S. was not a case where the state alleged ownership of an employee, such as a janitor, and then proved that form of ownership at trial. For the purpose of alleging and proving the owner of property in a burglary charge, Smith’s distinction between the manager of a business and the employee of a business survives.
In this case, the information alleged that the victim was the owner or possessor of the warehouse. The evidence established that the actual owner was Flowers Baking Company. Unlike the victim in In re M.E., the victim was not a manager of the property owner; he was an employee of a subsidiary of Flowers who did not regularly work at the warehouse. Like the victim-employee in Smith, the victim here did not have the requisite pos-sessory interest in the property to support the burglary charge. His interest in the warehouse was limited to servicing the open distribution route.
Based on the foregoing, we reverse the armed burglary conviction.

Affirmed in part, reversed in part, and remanded.

MAY, C.J., and DAMOORGIAN, J., concur.